No. 91.—JOHN ROBINSON, plaintiff in error, *vs.* JOHN T. WILSON, defendant.

[1.] The meaning of the Partial Failure of Consideration Act of 1836 is, that whenever the case is such, that by the old law, the plea of a total failure of consideration might be pleaded to it, if the facts that exist for a plea make out as much as a total failure, it is such, that by the said Act a plea of a partial failure may be pleaded to it, if the facts that exist for a plea make out no more than a partial failure.

[2.] By the Amendment Act of 1854, a plea of a partial failure of consideration, may be filed after the first term.

[3.] The plea of a partial failure lies under the Act of 1836, as well in cases in which the failure consists of indefinite damages, as it does in cases in which the failure consists of definite damages.

Debt, in Carroll Superior Court. Tried before Judge BULL, June Term, 1855.

This was an action on two promissory notes, amounting, together, to Five Thousand and Ninety Dollars, besides interest.

The pleas of defendant were, that the notes were given for a manufacturing establishment, including buildings, machinery, goods, &c..; that a portion of the goods and machinery sold had been removed and sold by plaintiff after the sale; and also, that the machinery was represented to him, by plaintiff, to be new and good, and of the most improved kind; whereas, it was old and worn out, and nearly worthless.

The plaintiff, at the trial term, moved to strike out these pleas—

1st. Because not filed at the first term.    :  ,

2d. Because the consideration of the notes being, in part, land, a total failure of consideration could not be plead; therefore, under our Statutes, a partial failure could not be plead.    There was another plea, that the consideration had totally failed, without stating what the consideration was.

The Court ordered all of these pleas to be stricken out; whereupon, the defendant moved to amend his pleas, by stating that the purchase of the land and the machinery, were distinct contracts, though included in the same notes; that $3.500 was for machinery, and the rest for land.    The Court refused the amendment, and both these decisions are alleged as error.

E. Y. HILL; B. H. HILL; BUCHANAN, for plaintiff in error.

OLIVER; MABERRY; BLECKLEY, for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

First. Was the Court right in striking out the pleas of a partial failure of consideration?

The grounds on which the Court went, seem to have been two : first, that the pleas had not been filed at the first

term; secondly, that as the consideration of the notes was, in part, land, the case was such as not to admit of the plea of a total failure of consideration; and therefore, in the opinion of the Court, was such as not to admit of the plea of a partial failure of consideration, the Court seeming to think that unless a case is such as to admit of the plea of a total failure of consideration, it is not such as to admit of the plea of a partial failure of consideration.

Was this last ground good? The Statute of 1836, as to pleading a partial failure of consideration, declares, that defendants may plead a partial failure of consideration: "*Provided*, that such plea of partial failure shall only be pleaded in such cases, under such circumstances, and between such parties as would now admit and allow the plea of total failure of consideration. *And provided further*, that the plea contemplated by this Act shall be fully and specially pleaded at the first term of the Court to which the action may be returnable, and not at any time thereafter, either at Common Law or on the appeal."

Now if this means that the plea of a partial failure, is to be pleaded only in cases in which a total failure may be pleaded, it is absurd and useless. In no case in which the plea of total failure can be pleaded, can there be any need of a plea of a partial failure. The plea of total failure, of necessity, must cover all that the plea of partial failure can cover, and more too.

But a Statute ought, if possible, to be so construed that it shall have some effect.

And this Statute will admit of a construction that will cause it to have a very good effect; the construction, indeed, which it has almost uniformly received.

[1.] And that construction is this: that whenever the case is such, that by the old law, the plea of a total failure might be pleaded to it, if the facts that exist for a plea make out a total failure, it is such, that by the Statute a plea of a partial failure may be pleaded to it, if the facts that exist for a plea make out no more than a partial failure.

This is the construction which was sanctioned by this Court in *Simmons vs. Blackman,* (16 *Ga. R.* 318.) And if what is contrary to this view in *Knight vs. Killett,* (9 *Ga. R.* 582,) was ever anything more than an *obiter dictum,* it is to be considered as over-ruled by the decision in that case.

As to the other ground for striking out these pleas, namely: that they had not been filed at the first term, we think it insufficient, in the face of the Amendment Act of 1854.

[2.] That Act declares, that "plaintiffs and defendants" "may, in any stage of the cause, as matter of right, amend their pleadings in all respects, whether in matter of form or matter of substance." This language covers the case of a plea of partial failure, as much as it does that of a plea of total failure, or that of a plea of any other matter in bar. And there is nothing in the nature of a plea of partial failure, that ought to put it, alone of all pleas, beyond the operation of the Act.

We think, then, that the Court erred in striking out the pleas of a partial failure of consideration.

It seems that the plea of a total failure of consideration, was struck out on the ground, that the consideration being in part land, the plea could not be true in fact. But the *plea* does not disclose the fact that the consideration was in part land. The plea says the consideration had totally failed, but it omits to say what the consideration was.

This plea may be bad for being too general; but it is not bad for being a plea of the total failure of a *consideration, consisting partly in land.* It is, in fact, no such plea.

And this is all we have to say of this plea.

What the defendant offered to add to his pleas, amounted, as we think, to no more than a partial failure of consideration; therefore, if what has been before said, as to the plea of a partial failure, is true, he was entitled to make the addition. We think he was entitled to make it.

It was argued for the defendant in error, that anything which consists in "*unliquidated*" damages, cannot be the subject of

a plea of a partial failure of consideration, but must be demanded, if at all, by suit.

[3.] The Statute, however, makes no such distinction. Its language is, that "whenever any action or actions shall be commenced at Common Law, founded upon any contract or contracts, it shall and may be lawful" to plead the plea of a partial failure. "Any contract or contracts" is an expression which includes, as well contracts in respect to which the partial failure is unliquidated—is indefinite, as those in which it is definite.

And there is really no more reason for driving a man to his action in the case in which his damages are indefinite, than there is in driving him to his action in the case in which his damages are definite. The trial in either case, may be as well on a plea as on a declaration.