Robert E. Dixon, administrator, plaintiff in error, vs. Richard R. Cuyler, administrator, defendant in error.

In a proceeding to foreclose a mortgage on real estate, it is competent for the mortgagor, at the second Term, to show for cause, why the rule absolute should not be granted, that the mortgage debt is usurious, that it is founded upon a gaming consideration, or that it was contracted to compound a felony, or that the mortgage was given under duress, or has been released, or to avail himself of any other defence which goes to show that the mortgagee is not "*entitled*" to a judgment of foreclosure, or that the amount claimed is not *due.*

The administrator of the mortgagee is entitled to foreclose *at law* against the administrator of the mortgagor, and the heirs of the mortgagor are not necessary parties.

Foreclosure of mortgage, from Muscogee county. Decision by Judge Worrill, at November Term, 1858.

Richard R. Cuyler, administrator of James Holford, de-

ceased, filed his petition for the foreclosure of a mortgage of certain real estate, executed by Daniel McDougald to said Holford.   Robert E. Dixon, the administrator of McDougald, was made the party defendant in and to the petition which was returnable to November Term, 1858, of Muscogee Superior Court, at which Term Dixon appeared and demurred to the petition, on the grounds:

1st. That the petition for a *rule nisi* showed that Holford was to use due diligence to collect the bills, the payment of which McDougald had . guaranteed, and that said petition showed upon its face that Holford had not used due diligence.

2d. That Holford's *administrator* could not proceed by petition, under the Act of 1799, to foreclose said mortgage against Dixon, *administrator* of McDougald, but to do so, should file his bill in chancery, and make the heirs at law of McDougald parties.

After argument, the Court overruled the demurrer, upon the ground that the same was premature, that not being the proper time to make and hear said demurrer.   To which decision counsel for defendant excepted,

The Court then granted the usual *rule nisi*, and defendant excepted.

Johnson & Sloan; Ramsay & Carithers, for plaintiff in error.

Dougherty; and Cooper, *contra.*

*By the Court.*—Lumpkin, J. delivering the opinion.

This was an application to foreclose a mortgage on real estate, purporting to have been made by Daniel McDougald, in his lifetime, at the instance of R. R. Cuyler, administrator of James Holford, deceased.   Robert Dixon, the administrator of McDougald, came in to Court and demurred to the application on two grounds.

1st. Because the mortgage was given by McDougald to

secure a certain guaranty given to Holford to insure the collection of a deposit made by him in the Planters and Mechanics Bank, said guaranty imposing *due diligence* on Holford to collect the deposit, and the record showing that no such diligence had been used.

2d. Because the administrator of the mortgagee could not foreclose against the administrator of the mortgagor at law; but he must go into equity, and make the heirs a party. The Court overruled the demurrer, upon the ground that it was premature, and granted the *rule nisi.*

When may the mortgagor be heard against the proceeding of foreclosure? As the statute requires that service be made of the *rule nisi, after it is taken,* either personally or by publication, the appearance in this case was *perhaps* premature. I am not so well satisfied on this point. Notice of the intention to apply should, by law, be given so many days before Court, or the mortgagor served with a copy of the petition, as in other suits. It were better every way if he could be heard at the first Term. Our statute prescribing the mode of foreclosing mortgages, which is exceedingly defective, does not seem to contemplate this. Construe it literally, and it is too absurd and unreasonable to be executed. It would be an unmitigated curse. It says nothing about appearance until after the rule absolute is granted, the property sold, and the money brought into Court; and indicates no other defence then but payments and equitable sets-off. This exposition, however, of the Act, has been long since exploded.

It has been usual for the Courts to require of the party to make out a *prima facie* case; to exhibit with his petition the evidence of indebtedness. But be this as it may, what must be shown before the mortgagee is entitled to his rule absolute? He must show that he is "*entitled*" to foreclos That is the language of the Act. And also, *what is due* upon the mortgage. It follows, of course, that both of these matters may be contested by the mortgagor. He may insist

that the mortgagee is not " *entitled*" to foreclose for the whole or any part of his claim; that, in truth, there is nothing " *due*" on it.

And this he may do, by what appears on the face of the papers, or by pleading and proving that the note is usurious, (1 *Kelly*, 392,) or founded upon a gaming consideration, or that is was given to compound a felony, or was coerced by duress, or that the mortgage has been released. In showing cause against the rule, he may avail himself of these and all other meritorious defences.

Why give notice at all, if the mortgagor is shut out from any defence until after judgment of foreclosure is rendered against him ? There is enough in the Act to justify this interpretation. It is one taken by this Court the first year after its organization; and the only one which will save the statute from being looked upon as a nuisance.

2. As to the other ground, we think the Court construed the Act of 1799 correctly. The Legislature having given a common law remedy to partition lands, foreclose mortgages on real estate, and establish lost papers, we apprehend equity has lost its jurisdiction over these subjects, provided the remedy at law is complete. Suppose a bill filed for any of the foregoing purposes, would it not be demurrable, upon the ground that the complainant had an adequate and ample remedy at law? We think so.

If there be special circumstances, recourse may still be had to chancery. We see no reason why the administrator of the mortgagee should not apply at law to foreclose. Nor do we think it necessary that the heirs of the deceased mortgagor should be made a party. The administrator represents the estate for the purpose of paying just debts, and resisting the payment of all improper demands. He is bound by the statute to pay mortgages, and to pay this mortgage, provided it be foreclosed. Is he not the proper person to contest its enforcement? Heirs at law may maintain ejectment against a wrong doer. And they may make partition amongst them-

selves of the lands of their ancestor.    But if these lands have to be applied to the payment of debts, the administrator is the only legal representative of the intestate for that purpose. And the heirs are bound by his acts.

Judge BENNING having been formerly of counsel in this case, did not preside.