IN THE

# Supreme Court of the State of Georgia,

## AT SAVANNAH,

# JANUARY TERM, 1860.

Present—JOSEPH H. LUMPKIN,  
LINTTON STEPHENS, } JUDGES.  
RICHARD F. LYON,

## MELL vs. MOONY.

1. Where a plaintiff sues upon one part of a contract consisting of mutual stipulations made at the same time, and relating to the same subject-matter, the defendant may recoup his damages arising from a breach of another part in his favor by the plaintiff; and thus whether the different parts are contained in one instrument or several, and though one part be in writing and the other in parol: *Aliter*, where the contract for the breach, of which damages is claimed by the defendant, is entirely distinct and independent of the one on which the plaintiff sues.

2. Against a proceeding of foreclosure on personal property, the mortgager may *at law* go into the consideration of the mortgage, or rely by way of defense upon any fact, or principle of law which would entitle him to relief in a Court of Equity.

Illegality against a proceeding for the foreclosure of a mortgage on personal property. Tried before his Honor WM. B. FLEMING, in Liberty Superior Court, December Term, 1859.

The decision of the Court embodies the facts of this case.

LAW, BARTOW & LOVELL, NORWOOD, WILSON & LESTER, for plaintiff in error.

WM. B. GAULDEN, for defendant in error.

*By the Court*—LUMPKIN, J., delivering the opinion.

Martin D. Moony was a practicing physician in Liberty county, at a place called Taylor's Creek Union Academy. He sold out to John P. Mell for fifteen hundred dollars, five hundred cash, and a thousand in a note, secured by a mortgage on three negroes. Moony gave Mell his obligation that he would not locate with a view of resuming his profession as physician or surgeon within a circle of thirty miles around, and he promised and agreed to pay to Mell one thousand dollars for a violation of his covenant " as liquidated and ascertained damages."

Moony foreclosed his mortgage, and was seeking to enforce it by levy and sale, when Mell interposed, and insisted that Moony had violated the condition of his obligation ; that a right had accrued to him to claim the one thousand dollars, and to have it allowed against the claim which Moony was seeking to enforce against him.

His Honor, Judge FLEMING, dismissed Mell's affidavit of illegality upon the following grounds : 1st. Because the consideration for the mortgage or the note, it was given to secure had not failed, because the defendant had received the land and plaintiff's bond for which the one thousand dollar note was given.

2d. Because the damages stipulated in the bond, (the breach of which defendant offered to prove,) were liquidated, and could not, therefore, be recouped in this proceeding ; and that unliquidated damages only were the subject of recoupment.

3d. That being liquidated damages, they could only be the subject of set-off; and that they could not be set-off in this proceeding, because the foreclosure of a mortgage being a judgment nothing could be set off against it but a judgment debt.

To all of which Mell, by his counsel, excepted.

We consider the doctrine well settled, that where a plaintiff sues on one part of a contract, consisting of mutual stipulations made at the same time and relating to the same subject-matter, the defendant may recoup his damages arising from the breach of that part which is in his favor; and this, whether the different parts are contained in one instrument or several; and though one part be in writing and the other in parol: *Aliter*, where the contract for the breach of which damages are claimed by defendant, is entirely distinct and independent of the one on which the plaintiff sues. *Sedg. on Damages*, top pages 449–452; 4 *Wendell*, 493–4, and *ib.*, 116; 22 *ib.*, 155; 9 *Howard*, 225; 11 *ib.*, 475; 19 *Ga. Rep.*, 505; 3 *Hill (N. Y.) Rep.*, 175.

In this last case, where on the sale of a quantity of standing wood, the vendor agreed to indemnify the vendees against any damage that might happen to the wood in consequence of the burning of the adjoining fallow; the vendees giving their note for the price, and afterwards the fallow being burned over, the wood in question was destroyed by fire, the Court held, that in an action by one vender on the note, that the vendees might recoup their damages arising from the loss of the wood.

This doctrine, although spoken of sometime as rather new in the law, is founded upon the fundamental idea, that the action puts the whole contract in issue as it ought to do, and that no party to it should be allowed to recover of another upon a violation of a part, while his own breach of another part went unredressed. Indeed, it is neither more nor less than the doctrine of failure of consideration. It should meet with favor from the Courts, because it not only subserves the ends of justice, but saves the expense and delay of double litigation.

But the Judge did not repudiate the plea upon its merits. Indeed, the damages in this case being liquidated, they were pleadable as a set-off. And for that reason the Court held they could not be recouped. If Mell was entitled to plead the thousand dollars as a set-off for the reason subsequently given: that is this—that the defense by way of set-off was inadmissible as against a judgment of foreclosure, the Judge held, that nothing but a judgment could be set off against a judgment.

Is the precept to the Clerk to issue an execution for the amount sworn to by the mortgagee a judgment? and of such dignity that nothing inferior to a judgment could be pleaded as a set-off against it. Such has not, we believe, been the construction put upon the proceeding of foreclosure. On the contrary, our Courts have invariably held, that the mortgager might go into the consideration of the mortgage, and rely upon any fact or principle of law which would entitle him to relief, and although the case of Dixon against Cuyler, 27 *Ga. Rep.*, 248, was upon a foreclosure of real estate, still the general principles announced in that case apply equally to a proceeding to foreclose on personal property. For in this, no previous notice is required, and of course, the proceeding cannot conclude the mortgager. Indeed, it would seem from the terms of the statute that his right to be heard does not arise until the execution issues. It is conceded that the mortgager could obtain relief in equity. But why drive him into that forum when the remedy at law is ample, and when the statutory proceeding to foreclose mortgages was substituted for that in Chancery? Ought not the same defenses to be allowed allowed at law that could before have been set up in equity?