## CRAWFORD *v.* SCOTT.

The holder of a mortgage on personalty proceeded to foreclose his mortgage by affidavit under section 3286 of Civil Code of 1910. The mortgagor interposed an affidavit of illegality under sections 3289 and 3300, in which he asserted that the mortgage showed that it was given on books and accounts, as well as on certain described personalty, that the sheriff had sought to levy the execution issued on the summary foreclosure on certain books and accounts, that the accounts and choses in action had been contracted since the giving of the mortgage, that accounts and choses in action were not subject to mortgage, and especially

that those created since the mortgage was given were not covered by it. *Held,* that it was error to dismiss such illegality, on motion, on the ground that it was not the proper remedy of the defendant, without passing upon its merits.

MARCH 2, 1912.

Illegality of foreclosure.    Before Judge Fite.    Bartow superior court.    February 2, 1911.

*J. M. Lang,* for plaintiff in error.    *G. H. Aubrey,* contra.

LUMPKIN, J.    J. W. Crawford gave to J. E. Scott a mortgage containing the following description of the property: "One stock of drugs, medicines, drug sundries, fixtures, show-cases, iron safe, soda fountain, cigars, scales, oil-tanks, and any and all merchandise of any character whatsoever, incident to or connected with the drug-store under the name of the pharmacy, including all medicines, books and accounts of any and all character whatever; the said drug-store being situated in the Bradley Building, city of Adairsville, Bartow county." Scott transferred the mortgage to Mrs. Lizzie E. Scott. She proceeded to foreclose under the Civil Code (1910), § 3286. An execution was issued and a levy made by the sheriff. The defendant filed an affidavit of illegality under sections 3289 and 3300. One ground of illegality was as follows: "Defendant shows further, that the sheriff has levied on his books of account, and that plaintiff is seeking to sell his accounts and choses in action, the same aggregating the sum of five hundred ($500) dollars. Defendant shows that these have been contracted since the execution of the mortgage being foreclosed, and that they are not subject to such mortgage, because they were not in existence and could not have been mortgaged before they ever existed, and that an account or chose in action is not capable of being mortgaged." The plaintiff in fi. fa. moved to dismiss the affidavit of illegality, upon the ground that it was not the proper remedy. The motion was sustained, and the defendant excepted.

The question before this court is whether affidavit of illegality was the proper mode of defense. The merits of the various grounds were not specifically passed on by the court below. When the holder of a mortgage on personalty proceeds to foreclose it under the Civil Code (1910), § 3286, he makes an affidavit, and an execution issues. If no defense is interposed, this execution is treated as final process. It does not merely declare that a certain amount is due

by the defendant to the plaintiff, but asserts and proceeds to enforce a lien for that amount on the mortgaged property. If an affidavit of illegality is interposed in accordance with the statute, this process ceases to be final and becomes mesne process, and the case is returned to the proper court for trial. Upon the trial, if the plaintiff prevails either in whole or in part, he gets a judgment which does not merely declare that the defendant owes him a certain amount of money, but also that he has a mortgage lien for the amount so found, and that such lien is foreclosed. It will thus be seen that a judgment of foreclosure in favor of the plaintiff essentially involves two things—that an amount is due, and that he has a mortgage which is foreclosed therefor. To say that the process is mesne and subject to the defenses of the defendant, that if the plaintiff gains his case it is adjudicated that he has a good mortgage on the property, and that it is foreclosed on the property described, as well as that the amount for which it is foreclosed is settled, but that the defendant can only attack the amount and can have no adjudication in his favor as to the lien, is to declare that in a lawsuit a judgment can adjudicate a lien in favor of one party, but can not adjudicate in regard to it in favor of the other. It would, indeed, be extraordinary if the issues in a lawsuit were of such character that a judgment could settle them in favor of the plaintiff, but could not settle them in favor of the defendant.

As early as the case of *Bailey* v. *Lumpkin*, 1 *Ga.* 392, the question of the extent of the defenses which might be made by a defendant under a proceeding to foreclose a mortgage on realty was decided. It is true that the defense there set up was one of usury, but Nisbet, J., in the opinion said: "But the view of this subject, which to the mind of this court is decisive, is this: The process of foreclosure in England is by bill in chancery. Our statute dispenses with the equitable proceeding and gives a more easy, direct, and less expensive process of foreclosure at law. This legal mode is in lieu of the bill in chancery. This is, therefore, what we are in the habit of calling an equitable statute. It is not in derogation of the existing law, and therefore to be construed strictly; but it is declaratory of it, and remedial, and therefore to be construed liberally. It affirms the law of foreclosure, by providing a different remedy, under it. The mortgagee, instead of being driven into a court of chancery to foreclose, is admitted at law to all the rights which he

had before the statute, in equity, as to this subject-matter. Can we infer that the legislature intended to give this new and summary mode of foreclosure to the mortgagee, and not give equivalent rights of defense to the mortgagor? to create for the plaintiff an easy, rapid mode of foreclosure, and still hold the defendant to the necessity of going into a court of equity to assert his rights against it? The legislature intended to do no such iniquitous thing. Upon the creation of a new remedy we think the rights of defense which belong to the old remedy, unless expressly inhibited, attach to the new. As the plaintiff is here let into the rights at law which he before had in equity, so the defendant is let in also, at law, to those rights which he before had in equity."

In *Dixon* v. *Cuyler, 27 Ga.* 248, it was declared that in a proceeding to foreclose a mortgage on real estate it was competent for the mortgagor to "show, for cause why the rule absolute should not be granted, that the mortgage debt was usurious, that it was founded upon a gaming consideration, that it was contracted to compound a · felony, or that the mortgage was given under duress, or had been released, or to avail himself of any other defense which goes to show that the mortgagee is not 'entitled' to the judgment of foreclosure, or that the amount claimed is not due." In the opinion Lumpkin, J., said: "There is enough in the act to justify this interpretation. It is one taken by this court the first year of its organization, and the only one which will save the statute from being looked upon as a nuisance." The act under consideration in the two cases above cited contained the expression: "In case of any dispute as to the amount due on any mortgage, if the mortgagor shall appear within the time prescribed by this act and make affidavit that he hath made payments which have not been credited upon said mortgage, or that he is entitled to sets-off, which in equity should be allowed," etc.

In *Mell* v. *Moony, 30 Ga.* 412, the second headnote is as follows: "As against a proceeding of foreclosure on personal property, the mortgager may at law go into the consideration of the mortgage, or rely by way of defense upon any fact or principle of law which would entitle him to relief in a court of equity." The affidavit then under consideration set up that the mortgagee had violated the condition of his obligation, and that the right had accrued to the mortgagor to claim a thousand dollars and to have

it allowed against the claim which the mortgagee was seeking to enforce against him. While it may be said that this was a recoupment, the basis of the decision was the broad equitable right of defense which had been announced in regard to real estate foreclosures, and which was now declared to be applicable as well to defenses against summary foreclosures of chattel mortgages. In the opinion Lumpkin, J., said: "Our courts have invariably held that the mortgager might go into the consideration of the mortgage and rely upon any fact or principle of law which would entitle him to relief; and although the case of *Dixon* v. *Cuyler, 27 Ga.* 248, was upon the foreclosure of real estate, still the general principles announced in that case apply equally to a proceeding to foreclose on personal property. For in this no previous notice is required, and of course the proceeding can not conclude the mortgager. Indeed, it would seem from the terms of the statute that his right to be heard does not arise until the execution issues. It is conceded that the mortgager could obtain relief in equity; but why drive him into that forum, when the remedy at law is ample, and when the statutory proceeding to foreclose mortgages was substituted for that in chancery? Ought not the same defenses to be allowed at law that could before have been set up in equity?" See also *Alston* v. *Wheatley, 47 Ga.* 646; *Mordecai* v. *Stewart, 37 Ga.* 364; *Finney* v. *Cadwallader, 55 Ga.* 364.

We think that the principles ruled in the cases above cited are conclusive in that now before us. The proceeding was one to foreclose a mortgage on personalty by affidavit. In such a case the plaintiff does not merely state that the defendant owes him a certain sum, but makes affidavit "of the amount of principal and interest due on such mortgage." The defendant can reply by counter-affidavit. If the mortgage is invalid, or the property offered to be mortgaged is such as can not be mortgaged, nothing is "due on the mortgage," whether there is any indebtedness by note or account or not. To put a literal and restricted construction upon Civil Code sections 3289 and 3300, and hold that the expression that " the defendant may file his affidavit of illegality, in which he may avail himself of any defense that he could have set up in an ordinary suit upon the demand secured by the mortgage, and show that he is not justly indebted to the plaintiff in the sum claimed in said affidavit of foreclosure," restricts the defendant to contesting merely

the amount alleged to be due, but prohibits him from contesting the validity of the mortgage as to all or a part of the property sought to be subjected to the lien, would be contrary to the decisions above cited. It is to be noted that it is declared that the defendant may show that he is not justly indebted to the plaintiff in the sum claimed "in said affidavit of foreclosure." So that it is not merely the indebtedness, but the indebtedness named in the mortgage, which he may contest. If he can not set up this defense in the present suit, where can he set it up? If he is unable to make the defense here, but does contest the amount, and the plaintiff obtains a judgment that the defendant owes him so much and the mortgage is foreclosed, we do not see how he could afterwards go behind the judgment. Apparently it would be an adjudication without ability to prevent it, as the only remedy would be to go into a court of equity, or a court administering equitable relief, and ask for an injunction against the proceeding at law, and there set up his defense. But this is the very thing which this court has several times declared it was not the intention of the statute to require the defendant to do.

In *Arnold* v. *Carter,* 125 *Ga.* 319 (54 S. E. 177), it was held that by an affidavit of illegality to the foreclosure of a mortgage on personalty the mortgagor may avail himself of the defense of recoupment, but that he can not plead set-off in such a proceeding; nor can he have the foreclosure enjoined in order to avail himself of a set-off in equity, where the plaintiff is neither insolvent nor a nonresident. Speaking for himself, the writer gravely doubts the correctness of that ruling, and is by no means sure that it is not so conflicting with the former rulings cited that it will not have to yield to them whenever the exact case is again presented. But, however that may be, the ruling that the defendant can not plead a set-off in no way adjudicates that the defendant can not set up any defense which would prevent the plaintiff from having a judgment of foreclosure upon the property upon which the lien is asserted, either for the whole or a part of the amount.

For these reasons the ruling of the presiding judge was error.

*Judgment reversed. Evans and Beck, JJ., concur. Fish, C. J., and Atkinson, J., dissent. Hill, J., did not preside.*

Fish, C. J., and Atkinson, J., dissenting. We can not agree to the opinion of the majority of the court in this case. The Civil

Code, § 3300, provides, "When an execution shall issue upon the foreclosure of a mortgage on personal property, as hereinbefore directed, the mortgagor, or his special agent, may file his affidavit of illegality to such execution, in which affidavit he may set up and avail himself of any defense which he might have set up, according to law, in an ordinary suit upon the demand secured by the mortgage, and which goes to show that the amount claimed is not due." Section 3289 is to the same effect. Under § 3286 the mortgagee or his agent or attorney at law, in order to foreclose a chattel mortgage, must "make affidavit to the amount of principal and interest due on such mortgage, which affidavit shall be annexed to such mortgage, or a copy thereof verified as correct by the affidavit thereon of the owner or his agent or attorney." And upon the filing of such affidavit the proper officer issues the mortgage execution. The mortgagor, as provided in § 3300, may arrest the progress of such execution by making a counter-affidavit setting up "any defense which he might have set up, according to law, in an ordinary suit upon the demand secured by the mortgage, and which goes to show that the amount claimed is not due." In this way the mortgage execution, which, in the absence of a counter-affidavit provided by statute, is final process, is converted into mesne process, and the affidavit of foreclosure, the mortgage execution issued thereon, and the affidavit of illegality are returned to the proper court, and the issues presented by the affidavit of foreclosure and the illegality are to be there tried " as other cases of illegality." "If the mortgagor fails to set up and sustain the defense as thereinbefore authorized, the mortgaged property shall be sold," etc. Civil Code, § 3302. The method for raising such issues is provided by statute, and it should be strictly adhered to. The mere fact that such a statutory proceeding is in lieu of a former equitable proceeding is no reason why the statutory proceeding should not be strictly construed; for, perhaps, every statutory proceeding is a substitute for some form of legal or equitable proceeding. But this is not a sound reason for giving the statutory proceeding the same broad and liberal construction which was applicable to the former legal or equitable proceeding for which the statutory proceeding is a substitute. Of course we do not mean to say that after the mortgage execution is arrested in the manner pointed out by the statute, the mortgagor, after the matter has been properly taken to the court, can

not then have the foreclosure proceedings, or the levy under the execution, dismissed for any valid reason. A landlord in order to distrain for rent must, under the statute, make an affidavit of the amount of rent due; and this court has decided in numerous cases that the only way the tenant can stop the progress of the distress warrant is by making an affidavit that the rent or some part thereof distrained for is not due. The reason for so holding has always been stated to be that such defense is the only one given to the tenant by the statute. We are unable to see why a tenant should be limited to the only defense provided by statute, and the mortgagor should not be also so restricted to the defense the statute specifically provides he may set up. The position we take is supported in *Guerard & Polhill* v. *Polhill, R. M. Charlton,* 237. And while the ruling there made is not authoritative, because made by a trial judge, the reasons for the holding are most cogently stated by Judge Charlton, and to our minds are conclusive. The principle which we maintain is decided in *Arnold* v. *Carter,* 125 *Ga.* 319 (54 S. E. 177), which case was concurred in by a full bench. See also *Weaver* v. *Roberson,* 134 *Ga.* 149, 158 (67 S. E. 662). No ruling made in any of the cases cited in the majority opinion, in our judgment, is in conflict with the position we take in this case. While in some of such cases broad language is used, whatever was said should be taken in connection with the actual decision made. In every one of such cases the defense which the court held could be set up by the mortgagor was one which he might have set up in an ordinary suit upon the demand secured by the mortgage, and which went to show that the amount claimed was not due. In *Bailey* v. *Lumpkin,* 1 *Ga.* 392, it was held: "Upon a rule to foreclose a mortgage, under the statute in Georgia, the mortgagor may show, by way of defense, that the contract upon which it was given was usurious." In *Dixon* v. *Cuyler,* 27 *Ga.* 248, in a proceeding to foreclose a mortgage on realty, it was held, in effect, that recoupment could be set up as a defense. In *Mell* v. *Moony,* 30 *Ga.* 413, it was held, in effect, that recoupment could be set up by way of affidavit of illegality to the foreclosure of a chattel mortgage. To the same effect was the ruling in *Mordecai* v. *Stewart,* 37 *Ga.* 364, as to the foreclosure of a mortgage on realty. In *Alston* v. *Wheatley,* 47 *Ga.* 646, it was held that usury and recoupment could be set up by way of an affidavit of illegality to the foreclosure of a chattel mortgage. And in

*Finney* v. *Cadwallader,* 55 *Ga.* 75, a defense of recoupment was held to be good to the foreclosure of a mortgage on realty.

In order for the mortgagor, upon the foreclosure of a chattel mortgage, to avail himself of the point that the property levied on is not covered by the mortgage, he must, in our opinion, go into a court of equity; as no such defense is provided by the Civil Code, § 3300.