## J. J. HUNT *v.* JOHN R. MORRIS.

1. PARTNERSHIP—DISSOLUTION—REMEDY.—Where partners have settled their partnership business and a balance in money is ascertained to be due from one to the other, an action at law will lie for such balance. So, if an actual separation of the partnership effects is made, so that certain specific articles of property are assigned as the share of each, an action at law will lie for either party. If the community is severed only partially, touching particular assets, so that by agreement a separate ownership is established in one, then he has his legal remedy.

2. EQUITY JURISDICTION.—Where the raw material and manufactured articles were not divided, but only an agreement to divide, they remain joint assets until they are divided, and there is no remedy at law. Equity alone can dispose of the effects according to the partnership agreement.

Appeal from the chancery court of Lee county. WHIT-FIELD, J.

The appellant assigned the following error:

Because the court overrules the demurrer of the defendant and required him to answer said bill.

*John Williams*, for the appellant.

1st. The bill in this cause shows a settlement of the partnership affairs, and a balance struck, and appellant due appellee eight dollars. His remedy, under such a showing is at law, and not in equity. 1 Story's Eq. Jur., note 2, § 664 (9th ed.); Story's Partnerships, § 218; 2 Bingham, 538.

2d. Where complainant has a clear and certain remedy at law, a demurrer will hold. Mit. Eq. Pl., § 123; ib., 124, note; ib., 125.

3d. If, for any reason appearing upon the face of the bill, the party is not entitled to the relief he prays, a demurrer will hold. Mit., § 163.

4th. One party can sue the other where they have made a settlement, and a balance is found to be due. 3 How., 343; Smedes' Dig., 339, § 6; 6 How., 212.

5th. An action at law lies for a breach of the articles of partnership. 25 Miss., 168. If it was the agreement that these parties were to have certain portions of the material and manufactured work, and a certain amount of each was on hand when they dissolved, and one of them converted the whole to his own use, then the party's remedy is at law.

6th. By the showing in the bill they had dissolved, and fully settled the partnership affairs, then neither has a right to ask a court of chancery to do what they had done themselves.

No counsel for appellee.

SIMRALL, J.:

This is a bill in chancery, brought by John R. Morris against J. J. Hunt, for the divivision of partnership effects. A demurrer to the bill was overruled, and that is assigned for error.

The argument in support of the demurrer is, that the remedy is full, complete, and adequate at law.

The bill alleges that on the 30th December, 1869, the parties came to a settlement of the partnership accounts, which were divided and the business was finally closed, except as to the material and work on hand. It was also then agreed that the raw material and stock on hand, valued at $350, should be divided according to the terms of copartnership. Defendant afterwards refused to make the division, but converted these articles to his own use. Counsel for the appellant is undoubtedly correct in his statement of the principle of law, that where partners have settled their copartnership business, and a balance in money is ascertained to be due from one to the other, that an action at law will lie for such balance. So, also, if an actual separation of the partnership effects is made, so that certain specific articles of property are assigned as the share of each, an action at law will lie in favor of the one against the other in respect to such articles. This doctrine is upon the premise that, in the first case (of the moneyed balance) it has been individualized, separated from the copartnership interests, and made the separate debt of one to the other. The same result follows in the second case, where there has been a division of the partnership property. In effect, each has released or quit-claimed his interest to the other, or each has assigned his right to the other. To the extent of the settlement and division, there has been a dissolution of the partnership relation. So long as the community relation subsists, neither party has a remedy at law, in respect to the joint assets. When the community is severed, though partially, touching particular assets, so that by agreement and consent, a separate ownership is established in one, then legal remedies are open to him.

Now, the bill shows that the raw material and manufactured articles were not divided. There was only an agreement to divide. Until divided they are joint assets, and the law has no remedy to specifically enforce the contract. It is true, the party in default may have sued for breach of the agreement to divide, in a court of law, but that remedy would

not be as full and adequate as can be afforded in equity, by taking hold of these materials and fabrics, and disposing of them according to the copartnership agreement.

There was no error, therefore, in overruling the demurrer.

The decree of the chancellor is affirmed, and leave given to the demurrant to answer in forty days from this date, subject to a right in the chancellor to enlarge the time.