JOHN D. STONE, Respondent, *v.* J. K. WENDOVER, Administrator of WILLIAM F. STACEY, Appellant.

### May 16, 1876.

1. In an action on covenant it is sufficient if the words used in the petition, either in their expressed 'intent or by necessary implication, show that a breach has been committed.

2. The rule of evidence that a condition of things once shown to exist will be presumed to continue until the contrary appear may be equally applicable

to a pleading, where the fact stated is in its nature continuous, and no limitation of time is suggested. In any event, no objection of the contrary can be entertained after a verdict which could not have been rendered unless the fact of continuance had been sufficiently shown.

3. In a petition charging different violations of the same contract, in separate counts, it is unnecessary to repeat, in every count, the terms of the contract which are common to all, by way of inducement.

4. A suit by a partner against his copartner, upon a claim not founded on the plaintiff's interest in the partnership assets, but arising from a direct violation of the articles of copartnership, need not be delayed for the taking of an account of the partnership affairs.

5. A partner satisfying a judgment against himself upon an indorsement made by his copartner in violation of the articles, is entitled to reimbursement for the costs paid in such satisfaction, as well as for the amount of the judgment otherwise.

6. When there are two or more counts or demands in a petition, and the verdict is for a gross sum, the objection thereto must be made in the trial court; otherwise, it will not be noticed on appeal or writ of error.

Appeal from St. Louis Circuit Court.

*Affirmed.*

*Dryden & Dryden*, for appellant, cited : 1 Greenl. on Ev. (7th ed.) 52, sec. 41 ; Wag. Stat. 1012, sec. 1 ; 1 Chitty's Pl. 413 ; Childs v. The Bank, 17 Mo. 213 ; Mooney v. Kennett, 19 Mo. 551 ; Clark v. Hannibal & St. Jo. R. R. Co., 36 Mo. 202 ; Brownell v. Pacific R. R. Co., 47 Mo. 239 ; City of St. Louis to use v. Allen, 53 Mo. 44.

*Wm. Patrick, C. G. Drummond*, and *Krum & Madill*, for respondent, cited : Ahern v. Collins, 30 Mo. 145 ; Schwart v. Naylor, 2 Duer, 678 ; Richardson v. Farmer, 36 Mo. 35 ; Jones v. Louderman, 39 Mo. 287 ; Kercheval v. King, 44 Mo. 401 ; Hay v. Short, 49 Mo. 139 ; Hapgood v. McKoon, 49 Mo. 77 ; Poe v. Dornec, 48 Mo. 441 ; 8 Ohio St. 293 ; Rowland v. Phalon, 1 Bosw. 43 ; Fugate v. Glasscock, 7 Mo. 577 ; Coll. on Part., sec. 245 ; Johnson v. Armdall, 34 Mo. 339 ; Dillard v. Noe, 3 Ark. 449 ; Deery v. Cray, 5 Wall. 796 ; City of Alleghany v. Nelson, 25 Penn. 332 ; Byrd v. Blusing, 11 Ohio St. 362 ; Phillips v. Jordan, 3 Stew. 38 ; Nelson v. Brownlee, 24 Ark. 587 ; Anderson v. Cople, 26 Ind. 329 ; Fankbonner v. Fank-

bonner, 20 Ind. 62; Thorn v. Watson, 10 Ill. 26; Smith v. Erer, 21 Ala. 38; Hathaway v. Jones, 21 Ark. 109; Sheperd v. Bank of Missouri, 15 Mo. 141; Payne v. Collier, 6 Mo. 321; Ramsey v. Gross, 9 Gill, 56; Buckner v. Bush, 1 Duv. 394; Currens v. Radcliff, 9 Iowa, 309; Granger v. Buck, 3 Iowa, 570.

LEWIS, J., delivered the opinion of the court.

The petition states that, in January, 1859, plaintiff and defendant's intestate, William F. Stacey, formed a copartnership, as carpenters and builders, under the firm style of Stacey & Stone; that, in the articles of copartnership, which are filed with the petition, it is stipulated that " neither party thereto should, without the consent of the other, during the continuance of the partnership, use or indorse the copartnership name of Stacey & Stone on any note or bill for the accommodation of any third party or parties;" that, in September, 1869, said Stacey, without the knowledge or consent of plaintiff, indorsed the firm name on a note, for the accommodation of Ladd & Miller, in the sum of $1,400; that the Western Savings Bank, being the holder of said note, and having had the same duly protested for non-payment at maturity, recovered judgment thereupon against plaintiff, in October, 1871, so that, on October 20, 1871, plaintiff was compelled by execution to pay the sum of $1,785.05, including interest and costs of suit, to satisfy said judgment. Plaintiff therefore prays judgment for the sum so paid, with interest and costs. For another cause of action the petition states that said Stacey, in February, 1870, without the knowledge or consent of plaintiff, indorsed the firm name of Stacey & Stone on a note, for the accommodation of Ladd & Miller, in the sum of $450; that protest and judgment against plaintiff followed, as in the former case, whereupon plaintiff was in like manner compelled to pay the sum of $542.50, including interest and costs of suit. Judgment is prayed for the sum so paid, with interest and costs. The answer

is a general denial. Upon trial before the court, sitting as
a jury, there was a general finding of damages for plaintiff
in the sum of $2,429.84, and judgment accordingly.
Defendant filed unavailing motions for new trial and in
arrest of judgment. All the points which will be herein
considered, with a single exception, were properly saved
by defendant in the various stages of the proceeding.

Defendant contends that the petition leaves it uncertain
whether the action is based on a breach of the copartner-
ship agreement or on an assumed violation of the general
obligations of a partner, claiming that there is no explicit
declaration of a breach of covenant. The weight of this
objection is not apparent. It is settled that where the
words in a petition, either in their expressed intent or
by necessary implication, show that a breach has been
committed, it is sufficient for an action upon covenant.
*Schenck* v. *Naylor*, 2 Duer, 678.

Defendant further complains of the petition because it
does not state that Stacey's acts of indorsement occurred
during the continuance of the partnership. The partnership
is stated to have commenced in 1859, about ten years prior
to those indorsements. The rule that a condition of things
once shown to exist will be presumed to continue until the
contrary appear is stated as a rule of evidence. But there
seems no good reason for not applying it equally to a
pleading, where the fact stated is in its nature continuous,
and no limitation of time is suggested. At all events, such
an objection to the petition cannot be entertained here,
since there could have been no finding for the plaintff
without proof of the fact omitted. *Jones* v. *Louderman*,
39 Mo. 287 ; *Hay* v. *Short*, 49 Mo. 139.

Another objection made against the petition is that
in the second count there is no statement of the fact of
partnership, or of any covenant or agreement between
Stacey and Stone, as to which a breach could be predicated.
The articles of copartnership, as stated in the first part

of the petition, are common to both counts. It would, I think, be a novel practice in this State, in a suit on a penal bond, for example, to restate the terms of the bond with every breach alleged. Said Duer, J., in *Rowland* v. *Phalen*, 1 Bosw. 60: "To require the pleader to repeat the averments setting forth the making of the agreements, and its performance on the part of the plaintiff, before each statement of a breach, would not only be requiring what was wholly unnecessary before the code, but would be requiring a useless repetition, which the code in terms forbids." The petition is without fault in this particular.

Defendant further claims that the plaintiff has wholly mistaken his remedy; that an account must always be taken of the partnership affairs before any judgment can be rendered in favor of one partner on account of rights growing out of the joint interests. The principle is right, but the application is wrong. The plaintiff's claim in this case does not arise from any interest which he held in the partnership affairs. It proceeds from a transaction which, by the very terms of the copartnership, could never be associated with that relation. It is a simple breach of covenant between two persons, the remedy upon which needs not to be delayed for the adjustment of mutual rights and liabilities belonging to another category. The direct application of the remedy in such cases is fully sanctioned by precedent and authority. *Want* v. *Reece*, 1 Bing. 18; *Dunham* v. *Gillis*, 8 Mass. 462.

There was no error in computing, as part of plaintiff's damages, the costs recovered against him in the suits on the indorsed notes. This action is not for contribution on account of a joint liability growing out of the partnership. The plaintiff was entitled to reimbursement for all his losses and expenditures directly necessitated by the violation of contract on the part of defendant's intestate, especially

since this involved, also, an abuse of the powers ostensibly derived from a relation of peculiar trust and confidence.

It is further objected that the verdict was for a general sum on the two counts in the petition, when there should have been a separate finding upon each of the breaches alleged. The objection comes too late. It was not presented, either in the motion for new trial or in the motion for arrest of judgment. In *Fickle* v. *St. Louis, Kansas City & Northern Railway Company*, 54 Mo. 219, one of the grounds of the motion for new trial was that "the finding, or verdict, is not specific or proper." This came more nearly to suggesting an objection of the same character than anything contained in the motions here appearing. Yet the Supreme Court refused to consider the point, because it was not more distinctly presented in the court below. All the judges concurring, the judgment is affirmed.