GRAY BROS. *v.* BLASINGAME & TURWILLIGER.

A sale by the owner of personalty of an undivided half-interest therein to another, under a contract contemplating that the property shall be shipped and sold and the proceeds divided, will, when the marketing of the property necessarily requires expense which, under the contract, is to be a joint charge against the parties, constitute them partners as to third persons, although the contract further stipulates that one of them shall "own and control the shipments and sales" until he is reimbursed for an advance made by him to the other, and the net proceeds shall then be divided.

Argued March 5, — Decided April 4, 1900.

Complaint. Before Judge Felton. Bibb superior court. April term, 1899.

*Louis L. Brown,* for plaintiffs, cited: Civil Code, §2629; 2 *Ga.* 18; 8 *Ga.* 285-288; 14 *Ga.* 699 (3, 4), 707 (4); 49 *Ga.* 417; 75 *Ga.* 795-797; 76 *Ga.* 302.

*H. A. Mathews* and *E. L. Bryan,* for defendants, cited: George, Partnership, 63, 23; Pollock, Part. (4th ed.), §4; Civil Code, §2629; 44 *Ga.* 228; 65 *Ga.* 666; 71 *Ga.* 682; 92 *Ga.* 596; 42 *Ga.* 226; 48 *Ga.* 425; 73 *Ga.* 528; 52 *Ga.* 567; 77 Wis. 538.

SIMMONS, C. J. It appears from the record that Blasingame owned the peaches growing on twenty acres of land. He sold a one-half undivided interest therein to Turwilliger for $300, and at the same time borrowed of him $200. He gave Turwilliger a receipt, wherein these facts were stated, and wherein it was stipulated that Turwilliger should "own and control the shipments and sales of said fruits until he has been reimbursed for said $200 advanced." This receipt was dated June 30, 1896. On July 2, thereafter, Blasingame, as a member of the firm of Blasingame & Turwilliger and on their credit, purchased of Gray Brothers 1290 peach crates at ten cents each, making $129; for which Blasingame and Turwilliger were sued as partners. Turwilliger's first plea admitted the partnership, but he subsequently amended by withdrawing that admission and denying the existence of any partnership between him and Blasingame. The plaintiffs introduced as a witness Blasingame, who testified that there was a partnership between him and Turwilliger, that he bought the crates from the agent of Gray Brothers, and that they were used by the firm. Another witness testified that Turwilliger had admitted to him, two years after the sale of the crates, that there had been a partnership, but had claimed that Blasingame had paid for the crates. Turwilliger testified that he had never been a partner of Blasingame, and had never had any intention of becoming one. We do not put our decision upon the evidence of either party, but upon the agreement entered into by them and evidenced by the writing signed on June 30, 1896. This agreement shows that Blasingame and Turwilliger entered into it for the purpose of earning profits out of the venture. It is true Turwilliger was permitted, by the terms of the agreement, to "own and control the shipments and sales" of the peaches until he was reimbursed, but this, in our opinion, did not prevent the agreement from being one of partnership. If one partner borrows money from his copartner, as between them he has the right to give a mortgage or lien, or to make an arrangement whereby the lender can secure the advance out of the partnership property or out of the profits of the business. The borrowing partner has the right to waive in behalf of his copartner all profits arising from sales

until the lender is reimbursed for the advance. This is a mere private agreement between them, and does not and can not affect third persons who sell goods to one of the firm on the faith of the partnership. Our Civil Code (§ 2629) declares that either "a joint interest in the partnership property, or a joint interest in the profits and losses of the business, constitutes a partnership as to third persons." It does not require that there should be a joint interest in both the partnership property and the profits and losses of the business, but simply a joint interest in either. In section 2626 of the Civil Code it is declared that a partnership "may arise from a joint ownership, use, and enjoyment of the profits of undivided property, real or personal." In the present case, after Turwilliger had purchased from Blasingame a one-half undivided interest in the peaches (then in the orchards), they owned the peaches jointly and each had an undivided interest in them. They purchased these peaches with the intention of selling them, and of course expected to make profits by such sale. The marketing of the peaches necessarily involved expense, and, no other agreement being made, it would be chargeable jointly to both. If anything over and above twice the amount advanced by Turwilliger to Blasingame was realized, the latter would certainly have been entitled to his half interest in such excess. And in all sales up to that amount Blasingame was interested, for one half of the sum realized would go to pay his debt to Turwilliger. The latter's own testimony shows this to be true. He testified that if $400 had been realized from the peaches, he would have kept it all, $200 as his own interest and the other $200 as the repayment of the amount advanced to Blasingame, and that this would have been an end of the partnership as to this venture; that if the peaches had brought $600, then Blasingame would have been entitled to $100 (his debt being first paid). This shows not only that they had a joint interest in the property itself, but that they had also a joint interest in the receipts and profits. But it may be said that the agreement did not contemplate any joint interest in the losses, as it was silent as to that matter. In the case of *Perry* v. *Butt,* 14 *Ga.* 699, Judge Lumpkin, in discussing this very question, said (p. 707): "The

truth is, in the absence of any express agreement to the contrary, the law, under this partnership in profits, devolves the losses, likewise, upon each and all of the partners. And that, not only to the extent of the capital employed, but over and beyond that." See also Soule v. Hayward, 1 Cal. 345, and 17 Am. & Eng. Enc. L. 842.

After considerable study of the authorities and much reflection, we have come to the conclusion that our learned brother of the trial court erred in holding that the agreement above mentioned did not constitute Blasingame and Turwilliger partners, at least as to third persons.

*Judgment reversed. All the Justices concurring.*