## MILLER & SON *v.* FREEMAN, administrator.

1. Where a partnership has been fully launched and is continuing, one of the partners can not maintain against the other an action at law for damages resulting to the partnership by reason of the defendant's failure to perform a duty imposed upon him by a stipulation in the partnership agreement.   This is true although the plaintiff may seek to recover only his pro rata share of the damage, and although, at the time the suit is brought, the partnership may owe no debts to third persons and there may be no other debt due by either party to the other.
2. An accounting may be had in equity by one partner against the other, without a final winding up and dissolution, in a case where the partnership has, by the agreement, several years to run and where the partnership articles contemplate a settlement at the end of each season.

Argued April 26, —Decided August 7, 1900.

Action on contract.   Before Judge Reece.   City ·court of Floyd county.   November 17, 1899.

*Dean & Dean,* for plaintiffs in error.
*Wright & Ewing* and *C. N. Featherston,* contra.

SIMMONS, C. J.   Suit was brought in the city court by F. B. Freeman, as administrator with the will annexed of G. S. Free- man, against Miller & Son, the petitioner alleging that a con- tract had been entered into between his testator and the defend- ants, which was in substance as follows:   Plaintiff's testator had leased to the defendants a certain described tract of land for a term of fifteen years from January 1, 1893.   Defendants were to furnish during 1893 as many peach-trees as would be required to plant the land leased, and also to furnish trees to replant whenever necessary during the first three years of the lease.   Plaintiff's testator was to cultivate, prune, pick, and pack the fruit as directed by the defendants, the same to be cul- tivated during the first three years in a designated way.   After

the expiration of the three years the orchard was to be cared for according to the terms prescribed in the contract. The defendants were to attend to the procuring of packages necessary to ship the fruit, and were to have full control of the shipping and selling of the fruit. After three years all expenses necessary to a proper carrying on of the business were to be borne equally by each party. The net profits derived from the sale of the fruit were to be equally divided between the plaintiff's testator and the defendants. It was distinctly stipulated that all of the conditions in the contract were to be binding upon the heirs, executors, and assigns of the parties. The petition further alleged that, since the death of the plaintiff's testator, the defendants have in their dealing with the petitioner treated the contract as binding and obligatory; that in 1898 defendants failed to procure the packages necessary to ship the fruit in sufficient time to properly and seasonably ship and market the same, and thereby petitioner was damaged in amounts which are set forth in detail in the petition, aggregating the sum of $2,396.10, for which sum with interest petitioner prays judgment. By an amendment to the petition it was alleged that one inducement which moved the plaintiff's testator to enter into the contract was that the defendants were experienced fruit-shippers, and plaintiff under the contract relied upon them to procure the necessary packages to ship and market the fruit; that there is nothing due and unaccounted for between the plaintiff and defendants on the contract, except the matter set forth in the petition; that the parties to the contract interpreted the same as providing for a division of the profits at the end of each season, and have so acted, that there are no debts due by the parties to the contract to others in connection with the business with which the contract deals, and there is no debt due by either one of the parties to another, except the claim set forth in the petition. To this petition the defendants demurred. The court overruled the demurrer, and the defendants excepted. There were but two questions argued by counsel for plaintiffs in error: First, can one partner maintain an action against his copartner in a court having no equity jurisdiction? Second, the title to the property alleged to have been damaged being in the partnership, ought not the action

to have been brought in the name of the partnership? No question was raised here as to whether the contract between the parties constituted them partners. See, however, in this connection, the case of *Gray* v. *Blasingame*, 110 *Ga.* 343.

Treating the contract as one of partnership, we think that the present action was not maintainable at law, and that the judge erred in overruling the demurrer to the petition. The case fell within the recognized rule that one partner can not, before a final winding up of the partnership, maintain against his copartner an action at law based upon partnership transactions. This rule has but few exceptions, most of the so-called exceptions being apparent only and not real. After the partnership is practically at an end, whether it be a single venture or otherwise, the rule can not apply, for the parties are no longer partners. So an action may be maintained for the breach of an agreement to enter into a partnership or of an agreement to contribute to the capital stock or in any other way assist in launching the partnership. And where the basis of the suit is a matter not connected with the partnership affairs, the rule of course can not apply. The present suit is, however, not like those just mentioned. It falls within the general rule against suits between partners, and can not be maintained unless it is within the exception to that rule which is thus stated by Judge Story: "Wherever there is an express stipulation in the partnership articles which is violated by any partner, an action at law, either assumpsit or covenant as the case may require, will ordinarily lie to recover damages for the breach thereof." Story, Part. (7th ed.) § 218. While this statement of the exception is very broad, we think that, in seeking to determine whether this case is within it, it should be construed with reference to other authorities and to the cases upon which it is based. A careful consideration of the statement and of the authorities cited to sustain it will show that the cases falling within this exception are of three classes: (1) those in which the partnership is inchoate and has never been launched; (2) those in which the partnership is at an end; and (3) those in which the stipulation which is violated and for the breach of which the action is brought is one between the partners individually, and "the damages from which belong exclusively to the other partner

and can be assessed without an accounting." See 2 Bates, Part.
§ 889. The statement of the exception in Parsons on Partner-
ship (4th ed.), § 191, p. 258, that "Whenever there has been
any breach of an express stipulation between persons who are
partners, an action for damages will be sustainable, unless the
breach or the stipulation itself, or both, are such that they in-
volve the whole partnership business and accounts and the dam-
ages can be determined only by first settling those accounts,"
is more carefully worded and the instance given as an illustra-
tion is where " one partner agrees.to pay the other a certain sal-
ary or commission or other compensation for his services over
and above his share of-the profits and independently of them."
This is not in any sense inconsistent with the doctrine laid down
in the case of Hill v. Palmer, 56 Wis. 130, in which it was said:
"The test seems to be, that if the damages arising from a breach
of a covenant or stipulation in the partnership agreement be-
long exclusively to the other partner and can be assessed with-
out taking an account of the partnership business, covenant or as-
sumpsit may be maintained by the injured partner against the
other for such damages." Among the cases cited to sustain the
judge in overruling the demurrer in the present case are several
in which the stipulation violated was between the partners in-
dividually and not for the benefit of the partnership. Such
cases are not in conflict with what is here laid down. Others
of those cases are suits for a wrongful dissolution, or cases in
which the partnership was never launched. With most of them
the only fault is that, in ruling properly the particular cases,
broad statements, made in reference not to the cases decided
but to partnership cases generally, are not always guarded and
restricted with sufficient care. So far as we can find, every case
worthy of note, in which this point is expressly decided, seems
to be against the ruling of the court below in the present case.

In Collyer on Partnership (6th ed.), § 196, it is said that the
right of one partner to maintain an action at law against his
copartner for the breach of a stipulation in the partnership
agreement, during the existence of the partnership, does not
extend to cases "where the damages to be recovered are, of
necessity, payable out of, or, when recovered, payable into the
partnership fund." Mr. Wood, in his notes to the text just

cited, states the test as follows: "An action for damages for the breach of an express agreement entered into by one partner with another will lie if the damages, when recovered, will belong to the plaintiff alone." In Gow on Partnership (3d ed.), 70 et seq., the first statement of the right to sue for the breach of a partnership agreement is as broad as that of Judge Story, which it is cited to sustain. Every single instance given to illustrate it is, however, in perfect accord with those authorities which limit the right to sue at law during the continuance of the partnership to those cases in which the stipulation is between the partners personally, and not for the benefit of the partnership or between it and one or more of its members. After mentioning cases where the breach is of an agreement to advance money to launch the partnership, and of an agreement not for the benefit of the partnership but between the partners personally, and of an agreement to account, it is said: "Where a penalty is reserved in case of breach of a partnership agreement, one partner can recover on the covenant against his copartner; and if it is stipulated in the articles of partnership that one of several partners shall sue for the penalty agreed on and divide the amount between his copartners who have not committed a breach of the articles, such agreement will be binding, although the partner appointed to sue, if he incurred the penalty, could not sue himself. The same rule applies to every other species of lawful covenant by which partners reciprocally and severally bind themselves inter se to the performance of any particular act or thing." In 2 Lindley on Partnership (Rapalje's ed.), *456, it is pointedly stated that, before the English judicature acts of 1873 and 1875, "no action at law could be brought by one partner against another for the recovery of money or property payable to the firm as distinguished from the partner suing. . . An agreement by each partner with his copartners might indeed be framed so as to enable one to be sued by the others, if care was taken to exclude the partner sued from all share in what was sought to be recovered from him, and to exclude the partner suing from all obligation to contribute to his own payment; but an agreement so as to accomplish both these objects was not generally convenient." Again, in the same work, *562, it is said: "An

action for damages for the breach of an express agreement entered into by one partner with another would lie, if the damages, when recovered, would have belonged to the plaintiff alone." With this the other authorities are in accord. "An action at law will lie for a premature dissolution in violation of the partnership agreement; but to sustain such an action the claim must be, not for the recovery of any share of profits or agreed compensation due him from the firm, but for the wrong done him personally, as distinguished from a breach of duty owing to the firm. This rule applies to the violation of all other stipulations in the articles, the damages from which belong exclusively to the other partner, and can be assessed without an accounting." 17 Am. & Eng. Enc. L. (1st ed.) 1264.

"Partners can, by agreement, separate any part of the business from the general rule of partnership and make a separate and individual obligation of it as between each other, and in such case, the liability can be enforced at law independent of the state of the partnership accounts. But the real test is not solely whether the action can be tried without going into the partnership accounts, but whether the defendant has bound himself personally to the plaintiff." 2 Bates, Part. § 878. See also Ryder v. Wilcox, 103 Mass. 24, 29; Wills v. Simmonds, 8. Hun. 189; Stone v. Wendover, 2 Mo. App. 247; 15 Enc. Pl. & Pr. 1046. Where, therefore, the stipulation is an agreement by one partner individually to do something for the benefit of the other individually, and imposes an obligation binding the one personally to the other, its breach gives a right of action at law, if the damages can be assessed without an investigation of the partnership accounts. But where the stipulation is for the benefit of the partnership and consequently of both partners, neither partner alone has a right, the partnership relation existing, to sue in his own name and at law for the damages arising from its breach. There was in the present case no covenant to furnish crates, but merely an agreed distribution of partnership duties, by which the duty of securing crates was put upon the defendants, while the cost of the crates was to be defrayed by the partnership. The defendants did not agree to contribute the crates, but merely to see that crates were procured. The crates were to be used, not by the plain-

tiff, but by the partnership, and the right to the profits was in the partnership and not solely in the plaintiff. The damage arising from the breach was to the partnership, and the plaintiff was not damaged at all except by the reduction of the amount he should receive of the partnership profits. Had there been losses, he would have been damaged only by having to contribute more to the payment of such losses. While the damage arising from the breach of the defendant's agreement was to the partnership, one can not sue himself or be in the same action party plaintiff and defendant, and therefore the partnership could not maintain a suit against the defendants. Further, the compensation owed to the partnership by the defendants for their breach of duty was partnership assets, and one partner could not collect and keep it. 2 Bates, Part. § 849. These rules, that a partnership can not sue one of its members, and that one partner can not recover from his copartner an amount due the partnership, are universally recognized; and the plaintiff sought to evade them by suing for only his pro rata share of the amount due the partnership. This can not be done. See Bates, Part. § 1018. " One partner can not recover his share of a debt due to the partnership in an action at law, prosecuted in his own name alone against the debtor" (Vinal *v*. W. Va. Co., 110 U. S. 215); and a suit against one of the partners does not in this particular differ from a suit against a stranger. While the partnership continues, whatever sum is due from the defendants on account of their breach of the partnership agreement is due to the partnership and not to the plaintiff alone, and must be considered as partnership assets. "So long as the community relation subsists, neither party has a remedy at law in respect to the joint assets" (Hunt *v*. Morris, 44 Miss. 314); and the plaintiff, therefore, ought not to be permitted to maintain the present action. Until after a dissolution or termination of the partnership agreement, he can not maintain such an action at law; and the judge should have sustained the demurrer to the plaintiff's petition, as it showed that the partnership relation still continued.

While it appeared that, further than the claim made in the present suit, neither partner owed anything to the other, and that the partnership owed no debts to third persons, it did not appear

that debts were not due to the partnership, or that there were no funds on hand, or that the profits already collected had been equally divided. And even had all these things appeared, there may have been partnership transactions the next day as a result of which the partnership may have become indebted to third parties, and other such transactions may occur at any time. One partner should not be compelled to make payment to the other to settle a partnership matter when the partnership assets may be used for that purpose. The liability of one partner to the other is for such sum only as will settle all cross-claims, and this is usually best ascertained by an accounting. See Abbott, Tr. Ev. (2d ed.) 281. Even though the defendants in the present case are liable to account for their failure to properly provide crates, and for the resulting damages, their share of the undivided profits may be greater than this liability, and they may be in fact creditors of the partnership. If this be true, they should not be compelled to submit to a judgment when they can recover of the partnership more than enough to pay the judgment. And certainly if the business is continuing and the partnership likely to become indebted to third persons, it would not be proper to allow such a suit as the present one. The reason given in Story's Equity Jurisprudence, § 664, why a somewhat different action between partners can not be maintained will, with little change, apply to the present case. It is impossible, during the continuance of the partnership, without taking a general account, to say that any one partner is on the whole a debtor of the firm to such an amount. And if he is, how, in point of technical propriety, can a remedy be instituted against him by the other partner alone as contradistinguished from the partnership? See Bates, Part. § 849, where it is said: "Even if there are no debts, yet collections must be received unequally by the partners. The mutual balances are, therefore, constantly fluctuating quantities, and a judgment on any one item would settle nothing, and, if allowed, would produce a multiplicity of suits." We think, for these reasons, that the present case is one in which an action at law can not be maintained by the plaintiff during the continuance of the partnership relation. The amount of the assets and profits can be best determined by an equitable ac-

counting in which all differences may.be adjusted.    It is urged, as an objection to forcing the plaintiff to seek an accounting, that it would be a hardship to force a dissolution of a partnership which is designed to continue for several years longer. We think that this objection is untenable, for two reasons.    In the first place, while equity jurisdiction is extended to cases where the law does not afford a full or adequate remedy, a court of law can not take cognizance of cases not otherwise within its jurisdiction solely because equitable relief can be obtained only on conditions which seem unreasonable or oppressive.    In the second place, the rule laid down by the older text-writers and in a few of the older cases, that an accounting can not be had in a court of equity unless there be a prayer for a dissolution, is now by no means recognized as applying to all cases.    There are now many well-recognized exceptions.    "It was formerly considered that no account between partners could be taken in equity, save with a view to dissolution, and a bill praying an account but not a dissolution has been held bad on demurrer.    But this rule has been gradually relaxed, for it has been felt that more injustice frequently arose from the refusal of the court to do less than complete justice than could have arisen from interfering to no greater extent than was desired by the suitor aggrieved."    2 Lindley, Part. (Rapalje's ed.) *494.

"Whether one partner is entitled to the remedy of an accounting as against his copartners, without praying for a dissolution of the copartnership and a winding-up of the business, is, so far as text-books are to be believed, very doubtful; but a careful examination of the voluminous authorities extant upon the subject would seem to leave no doubt whatever that the action is a proper one and can be maintained, not only during the existence of a partnership, but for the very purpose of settling questions in order to avoid a dissolution. . . And not only is any such rule [that an accounting can not be had without a prayer for a dissolution] manifestly oppressive in principle, since a partner is surely entitled to the benefit of the articles during the *existence* of the partnership and not upon dissolution alone, but it is *manifestly absurd*, since it implies that the court will dismiss a bill because it lacks a prayer which the court has no power whatever to enforce by its decree, should

the parties see fit to disregard it after judgment. . . There is little doubt, or none, that the rule should be taken from our textbooks or at least be applied to such cases only as are brought for a receiver and for interim management." Tracy Gould, in an article in the Albany Law Journal for Feb. 28, 1880 (vol. XXI, p. 168). Among the "more common cases, where a partial accounting or an accounting without dissolution may be had," are those in which there is an agreement for settlements periodically. 2 Bates, Part. § 911. See also Story, Eq. Jur. §§ 668, 671. The partnership now under consideration was such that there should be an annual loss or an annual profit, and that there should be annually a considerable period of time when but little partnership business could be done. The contract did not in terms provide for an annual accounting and settlement between the parties, but this was evidently their intention, and the allegations of the petition are clear and distinct that the partnership articles were so interpreted by the partners, and that in the past they have acted on this interpretation. The actual construction thus put upon the articles by the partners should be adopted as the proper interpretation of them. Story, Part. § 191. The present seems, therefore, to be just such a case as should be excepted from the rule that an accounting can not be had without a dissolution. An accounting would determine the state of the partnership accounts at the time when an accounting was contemplated by the agreement, and it would make no difference that accounts might be changing between the time of filing the petition and the time the decree is made. According to their agreement, the partners were entitled to an accounting at a certain time, and transactions occurring subsequently to that time could be accounted for on the next annual settlement. Then, too, the fact that at the end of the season there is but little partnership business to be done renders this a case in which an accounting without dissolution would be free from practically all the objections urged in favor of the old rule against it, — a rule which, "though true in some cases and to a certain extent, has been supposed to be more generally applicable than it is upon authority or ought to be upon principle," as was said by Lord Cottenham in Wallworth v. Holt, 3 Myl. & Cr. 619.

*Judgment reversed. All the Justices concurring.*