## 11979. WADE v. EASON.

STEPHENS, J. 1. This is a foreclosure, in one action, of two mortgages made by Wade to Eason, one for $3,000, and a subsequent one for the same $3,000 indebtedness and for an additional indebtedness of $200. The defendant mortgagor filed a counter-affidavit, alleging that at the time of the execution of the subsequent mortgage he and the plaintiff were in partnership, conducting farming operations, and that it was given to secure $200 advanced to him for the benefit of the partnership, and was procured by the plaintiff and the indebtedness represented by the original mortgage included therein in accordance with an agreement and understanding between them that it was executed solely for the purpose of being used by the plaintiff to negotiate a loan of money thereon for the benefit of the partnership, and that, since the partnership had not terminated, the defendant could not be proceeded against individually for the partnership debt. *Held,* that the court erred in striking the defendant's counter-affidavit in so far as it set up this defense to the subsequent mortgage. See, in this connection, *Miller* v. *Freeman,* 111 *Ga.* 654 (36 S. E. 961, 51 L. R. A. 504); *Paulk* v. *Creech,* 8 *Ga. App.* 738 (70 S. E. 145).

2. It appearing that the original mortgage for $3,000 had been executed as a transaction between the parties individually and before any partnership relation between them was in existence, and there being no valid plea of payment of this mortgage, or any other defense thereto, set up in the defendant's counter-affidavit to the foreclosure, the court properly struck the counter-affidavit in so far as it applied to the original mortgage.

3. Where the counter-affidavit alleged that the indebtedness secured by the original mortgage arose out of a contractual relation between the parties, and set out the terms of such contract, and made a general allegation to the effect that the defendant had complied with his obligations under such contract, without alleging particularly how the

obligations had been complied with, it did not sufficiently allege a discharge of the indebtedness, and was therefore subject to special demurrer upon the ground that the particulars of the alleged "payment" were not set out.

4. The counter-affidavit was properly stricken in so far as it set up that the defendant was, by the mortgagee's conduct in "fraudulently procuring the execution of the second mortgage," damaged in his farming operations because of his laborers and tenants being interfered with, and crippled in his ability to carry out his contract of purchase for land with a third person. *Arnold* v. *Carter*, 125 *Ga.* 319 (54 S. E. 177).

5. The trial judge erred in striking the counter-affidavit in its entirety.

*Judgment reversed. Jenkins, P. J., and Hill, J., concur.*

DECIDED SEPTEMBER 28, 1921.

Mortgage foreclosure; from city court of Waynesboro — Judge W. H. Davis. October 28, 1920.

*Pierce Brothers, M. C. Barwick, E. V. Heath,* for plaintiff in error.

*W. H. Fleming, F. S. Burney, Phillips & Abbot,* contra.