## ARNOLD v. CARTER.

In an affidavit of illegality to the foreclosure of a mortgage on personalty, the mortgagor may avail himself of the defense of recoupment, but he can not plead set-off in such a proceeding; nor can he have the foreclosure enjoined in order to avail himself of a set-off in equity, where the plaintiff is neither insolvent nor a non-resident.

Submitted January 17,—Decided May 11, 1906.

Injunction. Before Judge Holden. Oglethorpe superior court. November 16, 1905.

W. D. Carter brought an equitable petition against N. D. Arnold, in the superior court of Oglethorpe county, wherein he made the following allegations: During the years 1903 and 1904 and for several previous years he rented land from defendant. For all years previous to 1903 he paid defendant all he owed him. During 1903 plaintiff became indebted to defendant $154 for guano, and $255 for the amount of a note paid by defendant to one Knox, but was not indebted to defendant during that year for any other sum. In November, 1903, plaintiff delivered to defendant nine bales of cotton, averaging at least five hundred pounds each, and during that month, when cotton was bringing sixteen cents per pound, "he asked and insisted upon the said defendant selling said cotton, which he refused to do. Petitioner shows that as tenant he was entitled to control and direct the sale of said cotton, which had been turned over and delivered to [defendant] for the purpose of securing him as landlord on the indebtedness of petitioner." Plaintiff has not been advised as to the price at which the cotton was sold, but insists that in law and equity defendant is justly indebted to him for the cotton at the price named. At the time the last of the cotton was delivered to defendant, cotton was worth and was bringing this price. Plaintiff fully paid to defendant all rent due for the year 1903, the rent being paid in advance of all other payments. During 1903 defendant became indebted to plaintiff $18.75 for lumber, which amount defendant promised to pay; $5 for moving an engine, and $5.90 for building a chimney on defendant's place; and in November, 1903, plaintiff paid O. H. Arnold Jr., brother of defendant, $50 on plaintiff's guano account for that year, which amount defendant received and got the benefit of. During the year 1904 defendant furnished provisions and other articles of merchandise to plaintiff, aggregating the sum of $230,

and also furnished plaintiff six tons of guano, which was never priced, but which was not worth more than $22.50 per ton. During this last-mentioned year plaintiff was not indebted to defendant in any other amount, except thirteen bales of cotton for rent, which plaintiff paid defendant promptly out of the first cotton ginned. In addition to this rent cotton, defendant received during the year 1904 twelve bales of cotton, averaging in weight 475 to 485 pounds, "which defendant got the benefit of, and which were to go in settlement of petitioner's account, the balance of the proceeds to be returned and paid to petitioner. The average price of cotton during the time this cotton was received by defendant ranged from eight to ten cents per pound." The delivery of this cotton began October 20, and ended shortly after the first of January, two bales being delivered after Christmas. Three of these bales were levied on, under process sworn out by defendant, and sold, but defendant got the proceeds thereof, after deducting the costs. On October 28, 1904, plaintiff paid to defendant $61, of which $28 was on the guano account and $33 on open account. Plaintiff alleges "that while defendant is thus justly indebted to him $490.00 or more, . . he has been unable to bring defendant to any settlement, though he has repeatedly requested and demanded settlement of him." The petition further alleged, "that there is now pending in the city court of Lexington, said county, a mortgage-foreclosure proceeding, with affidavit of illegality filed by petitioner to the same, instituted by the said N. D. Arnold on the foreclosure of an alleged mortgage on certain personalty of petitioner, alleged to have been executed by him to said Arnold." To this foreclosure proceeding petitioner "has filed a counter-affidavit, denying any and all liability on said mortgage, claiming that he had more than fully paid defendant all that he owed him; and further, petitioner has given the replevy bond provided by law. Petitioner claims, in his said counter-affidavit filed to the mortgage foreclosure, that on a just and fair accounting the said N. D. Arnold . . is indebted to him the sum of $335.00 at the date of the alleged mortgage, and also indebted to petitioner —— dollars as accounting for the year 1904, which petitioner now says is $155.00 additional." To the petition was attached, as an exhibit, a copy of the affidavit of illegality filed in the mortgage-foreclosure proceeding, from which it appears that the alleged mortgage was dated May 16, 1904. The

petition alleged, "that, by reason of the limited jurisdiction of the said city court," the petitioner was "without adequate remedy in said court, to enforce his just and legal cause of action, for the reason that said court has no equitable jurisdiction, and on a mortgage foreclosure can only hear and consider evidence to the extent of showing payment of the mortgage sought to be foreclosed, leaving petitioner without adequate remedy for the balance claimed to be due by him." Petitioner prayed that the mortgage-foreclosure suit pending in the city court be enjoined; that the court "decree a full and final settlement of all matters of account and differences between the parties, and, to this end, that the city-court case . . be consolidated with this suit;" and that the petitioner "have and recover judgment against the defendant for $490.00 besides interest."

The defendant demurred to the petition, one of the grounds of the demurrer being, that there was no equity in the petition, and that "no insolvency of defendant, or non-residence, or other fact is alleged, entitling petitioner to any extraordinary relief." The defendant answered, subject to his demurrer. He alleged that he was perfectly solvent; and this fact, as well as his being a resident of Oglethorpe county, was not in dispute. He denied most of the material allegations of the petition. On an interlocutory hearing at chambers, plaintiff put in evidence his verified petition, and defendant his verified answer, and each submitted other evidence tending to sustain his contentions. There was no evidence tending to show that the renting of the land by the plaintiff for the year 1903 had aught to do with his renting it for the year 1904. The trial judge, after considering the evidence and the demurrer, in so far as it raised the question of the sufficiency of the allegations of the petition to entitle the plaintiff to the extraordinary relief for which he prayed, granted the injunction. To this judgment the defendant excepted.

*Samuel H. Sibley* and *Hamilton McWhorter Jr.*, for plaintiff in error. *Henry C. Tuck* and *Paul Brown*, contra.

FISH, C. J. (After stating the facts.) When an execution issues upon the foreclosure of a mortgage on personalty, the mortgagor may file his affidavit of illegality, "in which affidavit he may set up and avail himself of any defense which he might have set up, according to law, in an ordinary suit upon the demand secured by

the mortgage, and which goes to show that the amount claimed is not due." Civil Code, §2765. The sections of the Civil Code on the subject of recoupment are as follows: "Recoupment is a right of the defendant to have a deduction from the amount of the plaintiff's damages, for the reason that the plaintiff has not complied with the cross-obligations or independent covenants arising under the same contract." §3756. "It differs from a set-off in this: The former is confined to the contract on which the plaintiff sues, while the latter includes all mutual debts and liabilities." §3757. "Recoupment lies for overpayments by defendant, or payments by fraud, accident or mistake." §3758. "Recoupment may be pleaded in all actions ex contractu, where for any reason the plaintiff under the same contract is in good conscience liable to defendant. And in all cases where, under the laws of this State, recoupment may be pleaded, if the damages of the defendant shall exceed, in amount, those of the plaintiff, the defendant shall in such cases recover of the plaintiff the amount of such excess." §3759. In *Mell* v. *Moony,* 30 *Ga.* 413, it was decided that a mortgagor could set up recoupment in an affidavit of illegality to the foreclosure of a chattel mortgage. A similar ruling was made in *Alston* v. *Wheatley,* 47 *Ga.* 646. Since those decisions were rendered, a statute was enacted, in 1878, providing that "in all cases where, under the laws of this State, recoupment may be pleaded, if the damages of the defendant shall exceed, in amount, those of the plaintiff, the defendant shall in such cases recover of the plaintiff the amount of such excess." Civil Code, §3759. Recoupment "goes to show that the amount claimed is not due" the plaintiff. As recoupment may be pleaded in a proceeding to foreclose a mortgage on personalty, it necessarily follows, under the provisions of the act of 1878, that if, in such a case, the defendant pleads recoupment and proves that his damages exceed the amount which he owes the plaintiff on the demand secured by the mortgage, the defendant is entitled to a judgment against the plaintiff for the amount of such excess. It follows that Carter could set up, in an affidavit of illegality to the foreclosure of the mortgage in the city court, by way of recoupment, all of his claims coming within the scope of that defense, such as payment, overpayment, etc.; and if they exceeded the amount of the debt secured by the mortgage, he could recover a judgment against Arnold, the mortgagee, for such excess.

Some of the claims set up by Carter in his petition against Arnold do not come within the scope of recoupment, but are clearly matters of set-off. Such is the item of $18.75, for lumber which Carter claims to have furnished Arnold, and for which the petition alleges Arnold agreed to pay Carter, and also $5 for moving an engine, and $5.90 for building a chimney on Arnold's place; all of which items of indebtedness, according to the allegations of the petition, were incurred by Arnold in 1903. And so, too, are the damages which Carter alleges he sustained by reason of the failure of Arnold to sell the nine bales of cotton delivered to him during the fall of 1903 by Carter, with direction to sell the same when so delivered, Carter claiming that, as tenant, he had the right to control and direct the sale of this cotton and that he instructed Arnold to sell the same on its delivery to him. The mortgage sought to be foreclosed purports to have been executed May 16, 1904, to secure the rent to be. paid for that year by Carter to Arnold and a note given by Carter to. Arnold for guano to be used during that year. Evidently, therefore, the alleged transactions as to the lumber, engine, chimney, and the failure to sell the nine bales of cotton, all occurring in 1903, had no connection whatever with the debts which the alleged mortgage was given to secure in 1904, but were entirely separate and distinct therefrom, and could not be set up by way of recoupment, but could be pleaded only as set-off. "Set-off is a defense which goes not to the justice of plaintiff's demand, but sets up a demand against the plaintiff to counterbalance his in whole or in part." Civil Code, §3745. It does not attack or deny plaintiff's claim, but admits it. As we have seen, section 2765 provides that the mortgagor may, by affidavit of illegality to the foreclosure of a chattel mortgage, set up and avail himself of any defense which he might set up, according to law, in an ordinary suit upon the demand secured by the mortgage, *and which goes to show that the amount claimed is not due,* that is, that the mortgagor does not owe such demand. "Set-off is a defense which goes not to the justice of plaintiff's demand." It does not go to show that the amount claimed by the plaintiff is not due or owing by defendant, and manifestly it is not available as a defense by affidavit of illegality to the foreclosure of a chattel mortgage. In reference to the defense which may be set up to a. distress warrant, section 4819 of the Civil Code provides: "The party distrained may in all

cases replevy the property so distrained, by making oath that the sum, or some part thereof, distrained for is not due, and give security," etc. In *McMahan* v. *Tyson*, 23 *Ga*. 43, it was held: "The only defense against a distress warrant which the statute gives to the tenant is a plea on oath that 'the sum, or some part thereof, distrained for, is not due.' . . . A plea of set-off is not this plea. A plea of set-off *admits* that the sum which it is pleaded against *is* due." This ruling was followed in *Jones* v. *Findley*, 84 *Ga*. 52, and *Johnston* v. *Patterson*, 86 *Ga*. 725. In the case last cited it was also held: "The defendant in a distress warrant, after arresting the proceeding of a levy thereof as the statute prescribes, may, on the trial of the issue thus formed, prove by way of recoupment against the plaintiff's demand damages resulting from a breach by the plaintiff of his own stipulations in the rent contract." This ruling has been followed in other decisions of this court. Where an execution issues upon the foreclosure of a lien, other than a mortgage, on personalty, Civil Code, §2816, par. 6, provides: "If the person defendant in such execution, or any creditor of such defendant, contests the amount or justice of the claim, or the existence of such lien, he may file his affidavit of the fact, setting forth the ground of such denial, which affidavit shall form an issue to be returned to the court and tried as other causes." It was held in *Fuller* v. *Kitchens*, 57 *Ga*. 265: "A negotiable note of the laborer, bought up by the employer after the contract of hiring, is not matter of defense to a summary process for enforcing the laborer's lien, in the absence of any request or encouragement to make the purchase, or of any promise to allow the note as payment or set-off."

As Carter could not set up and avail himself of the matters of set-off by affidavit of illegality to the foreclosure of the mortgage, was he, for that reason, entitled to have such foreclosure proceeding in the city court enjoined, and have all the matters in controversy between him and Arnold finally adjudicated in the superior court? "As to set-off, equity generally follows the law; but if there is an intervening equity not reached by the law, or if the set-off be of an equitable nature, the courts of equity take jurisdiction to enforce the set-off." Civil Code, §3996. "The mere existence of cross-demands will not be sufficient to justify a set-off in equity. . . . A set-off is ordinarily allowed in equity, only when the party

seeking the benefit of it can show some equitable ground for being protected against his adversary's demand." *Ruckersville Bank* v. *Hemphill,* 7 *Ga.* 396; *Jordan* v. *Jordan,* 12 *Ga.* 89. Damages arising ex delicto can not be set off against a cause of action arising ex contractu, but a defendant sued at law upon a cause of action arising ex contractu may, in equity, set off damages arising ex delicto, when the plaintiff is insolvent or a non-resident. And if the plaintiff's suit is pending in a city court, the defendant, in order to avail himself of such right of equitable set-off, may apply to the superior court, as a court of equity, to enjoin the common-law proceeding in the city court and take jurisdiction of the entire controversy between the parties and make a decree doing complete justice between them. *Hecht* v. *Snook,* 114 *Ga.* 921. This can only be done, in such a case, where the plaintiff is insolvent or is a non-resident, for otherwise the defendant would have no such equitable right. If the plaintiff in a proceeding to foreclose a chattel mortgage be solvent and a resident, and the defendant has a claim against him arising out of a contract with which the mortgage is in no way connected, what equitable ground has the defendant to be protected against the enforcement of the plaintiff's demand? As the defendant can not plead set-off, of course his failure to do so will not affect his right to bring an independent action against the plaintiff on his claim against the latter. Every reason for holding that the defendant, in a suit upon a cause of action arising ex contractu, can not invoke the aid of equity to set up against the claim of the plaintiff in such suit damages arising ex delicto, unless such plaintiff be either insolvent or a non-resident, is likewise a reason for holding that the defendant in a proceeding to foreclose a chattel mortgage can not obtain the aid of a court of equity to enable him to plead matter of set-off against the demand of the plaintiff in foreclosure, if such plaintiff be neither insolvent nor a non-resident. In the present case, the absence of equitable jurisdiction in the city court was immaterial, for there was no equity to be asserted in any court. Our conclusion is that his honor erred in granting the injunction.

*Judgment reversed. All the Justices concur.*