## CULVER *et al. v.* WOOD & BROTHER.

1. A plea of usury which does not set forth the sum upon which the alleged usury was paid or to be paid, the time when the contract was made, when payable, and the amount of usury agreed upon, taken, or reserved, may be stricken on oral motion.
2. As a general rule, a defendant is not entitled to the opening and conclusion of argument, unless he admits enough in his pleadings, before the plaintiff begins to introduce his testimony, to make out a prima facie case for the plaintiff.
 (*a*) Especially is this true where the court directs a verdict for the plaintiff and there is no opening and conclusion of argument.
3. A plea of set-off is not an available defense in an affidavit of illegality filed to the foreclosure of a chattel mortgage, but a plea of recoupment may be set up in such a proceeding.
4. It is error for the court to direct a verdict where there is a conflict in the evidence between the plaintiff and defendant upon a material point in the case, and where the evidence introduced, with all reasonable deductions or inferences therefrom, does not demand a particular verdict.

APRIL 10, 1912.

Mortgage foreclosure. Before Judge Rawlings. Johnson superior court. March 14, 1911.

J. S. Wood & Brother foreclosed certain chattel mortgages against Mrs. D. P. Culver and her husband, W. L. Culver. An affidavit of illegality was filed, setting up the defense that the debt sued

for was that of W. L. Culver; that his wife, D. P. Culver, was merely his security for said debt; that she was not the tenant, but W. L. Culver was the tenant of the plaintiffs, and all supplies were furnished to the husband and not to the wife. Also a plea of usury was filed, alleging as follows: "Each of said mortgages are tainted with usury in the following form and manner, to wit: that each mortgage and the notes and the amounts thereof as set out in each mortgage have 8% interest worked in their face and added therein before their execution; also each mortgage has liquidated damage added therein before their execution, that is to say, that the mortgage dated February the 28, 1902, was given to secure a debt of W. L. Culver as above set out, which was to cover a balance due by said W. L. Culver for 1901 supplies as above set out, also to secure supplies to be furnished said W. L. Culver for year 1902; that 8% interest was added in the face of said mortgage to its maturity, also $45.00 for liquidated damages for failure of W. L. Culver to ship 30 bales of cotton, also $———— difference in interest in favor of plaintiff." A plea of set-off was also filed by the defendant W. L. Culver, in which he alleged that the plaintiffs were indebted to him in the sum of $580, for the following items: building one barn on the land described in the mortgages, worth $200; building a three-room tenant house, $200; building sheds to two tenant houses, $50; building three brick chimneys, $50; ceiling two rooms in dwelling-house, $50; for covering dwelling-house, $15; for digging well, $15. The plea alleged, that all or said improvements were made on the place in 1906 and 1907 by W. L. Culver upon the express promise and agreement of plaintiffs that they would pay defendants for all of said improvements; that if defendants are indebted to plaintiffs in any amount on the mortgages foreclosed, the said $580 should be set off, etc.

When the case was called for trial the plaintiffs moved to strike the plea of usury, because it did not "sufficiently comply with the law relative to the allegations necessary to support a plea of usury." This motion was sustained and the plea of usury was stricken.

The defendants insisted on the right to the opening and conclusion of argument, upon the following admission in the plea: "Defendants admit the execution of said mortgages, and title to them as being in plaintiffs, which admission is made for the purpose of obtaining opening and conclusion in argument." In ad-

dition to the above, before any evidence had been offered or introduced, defendants' counsel announced to the court that he would and did admit plaintiffs a prima facie case, that defendants would and did admit the execution of all the mortgages foreclosed, that ownership, title, and possession and right to sue and foreclose was in the plaintiffs, and that said admissions were made for the purpose of enabling the defendants to obtain the right to open and conclude the argument. The court held that such admission did not, under the pleadings as they stood at the opening of the case, make out a prima facie case for the plaintiffs, and held that under such admissions defendants were not entitled to the opening and conclusion. At the conclusion of the evidence the court directed a verdict for the plaintiffs. A motion for new trial having been overruled, the defendants excepted.

*E. L. Stephens,* for plaintiffs in error.

*Daley & Daley,* contra.

HILL, J. (After stating the foregoing facts.)

1. The court did not commit error in striking the plea of usury. As filed, the jury could not find what amount was or was not usury. Our code declares that "The plea of usury must set forth the sum upon which it was paid, or to be paid, the time when the contract was made, when payable, and the amount of usury agreed upon, taken or reserved." Civil Code (1910), § 5674. This plain requirement was not met by defendants' plea, and therefore it was properly stricken on motion. *Burnett* v. *Davis,* 124 *Ga.* 541 (52 S. E. 927).

2. In order for a defendant to be entitled to the opening and conclusion of argument, he must admit enough in his pleadings, before the plaintiff begins to introduce testimony, to make out a prima facie case for the plaintiff. *Reid* v. *Sewell,* 111 *Ga.* 880 (2) (36 S. E. 937); *Mitchem* v. *Allen,* 128 *Ga.* 407 (1) (57 S. E. 721). The defendants' pleadings in this case did not admit enough to make out a prima facie case for the plaintiffs. The pleadings admitted merely "the execution of said mortgages, and title to them as being in plaintiffs." Under the decisions cited above, oral admissions are not sufficient. The mortgage notes foreclosed were not given for any definite amount which could be admitted as appearing upon their face, but were given to secure the payment of several prior unpaid notes, "and any other indebtedness to J. S.

Wood & Brother," and also "to secure any other indebtedness existing, or hereafter created, whether on open account or notes (or joint notes with others), as well as security debts, as debts of my own and any renewal of any indebtedness hereby secured," etc. These mortgages were given, it seems, not only to secure past indebtedness, but to secure advances and supplies furnished during the current year in which they were made, to enable defendants to make a crop for that year; and the amounts of the supplies were evidenced by "open account," which the mortgages were given in part to secure. In order to make out his case plaintiff testified that "I know that they [defendants] owe me $750, because it is made up in this statement: 18 tons of guano," etc. It will be seen, therefore, that the defendants did not admit enough to entitle them to the opening and conclusion of the argument, because the admission that they executed the mortgages and that the title to them was in the plaintiffs would not, without more, entitle the plaintiffs to a verdict for $750 principal sued for, or any other specific amount. The court did not err in not allowing the defendants under their pleadings to open and conclude. Besides, as the court directed a verdict for the plaintiffs, there was no opening and conclusion. The defendants did not admit owing any definite sum, nor did they admit a complete case by their pleadings, and they could not mend this by oral admission.

3. W. L. Culver, in his affidavit of illegality, pleads a set-off against plaintiffs' demands, for certain improvements alleged to have been made on the rented land by express direction of the plaintiffs, with the promise to pay him for the same, which consisted of the building of one barn, two sheds to tenant houses, and three brick chimneys, ceiling two rooms in the dwelling-house, covering the dwelling-house, digging one well, etc., all of the value of $580. In the case of *Arnold* v. *Carter*, 125 *Ga.* 319 (54 S. E. 177), this court held: "In an affidavit of illegality to the foreclosure of a mortgage on personalty, the mortgagor may avail himself of the defense of recoupment, but he can not plead set off in such a proceeding." See pp. 321-325 of the report just cited, for a full discussion of what defenses can be filed to affidavits of illegality. In view of the exhaustive discussion of this question in that case, a further elaboration of this point is unnecessary.

4. Complaint is made that the court erred in directing a verdict for the plaintiffs. The Civil Code of 1910, § 5926, provides: "Where there is no conflict in the evidence, and that introduced with all reasonable deductions or inferences therefrom demands a particular verdict, the court may direct the jury to find for the party entitled thereto." *Green* v. *Scurry,* 134 *Ga.* 482 (68 S. E. 77). While the evidence in the case was abundant to support a verdict in favor of the plaintiffs, there is some conflict in the evidence, and we think the court erred in directing a verdict for the plaintiffs. J. S. Wood, one of the plaintiffs, testified that the debt due was that of the wife, Mrs. D. P. Culver, who was the tenant of J. S. Wood & Bro., while W. L. Culver, the husband of D. P. Culver, testified that the debt sued for was contracted by him individually, and was not the debt of his wife, that his wife did not sign the notes, and that the contract of rental was with him, and all the goods furnished to him. There was other conflicting testimony, which we think was sufficient to carry the case to the jury.

5. As the questions here decided are controlling, the other grounds of the motion need not be considered.

*Judgment reversed. All the Justices concur.*