## MAHONE v. ELLIOTT.

A mortgagor may plead damages arising from a breach of an independent contract, as a set-off in bar of a proceeding to foreclose a mortgage on land, under the Civil Code, §§ 3276, 3279.

JANUARY 13, 1914.

Mortgage foreclosure. Before Judge Gilbert. Talbot superior court. March 10, 1913.

*J. J. Bull & Son,* for plaintiff in error.

EVANS, P. J. The plaintiff instituted a proceeding to foreclose a mortgage on land. The defendant pleaded, that he gave the mortgage to secure the purchase-money of a horse; that afterwards he and the plaintiff agreed to exchange the horse for another; and that the plaintiff warranted the horse received by the defendant in the exchange to be sound, but he was not sound, and died shortly after the exchange, and by reason of the breach of contract of warranty the defendant was damaged to the amount of the debt secured by the mortgage which the plaintiff was attempting to foreclose. The court dismissed the plea on oral demurrer, and made the rule absolute. The plea was one of set-off of damages flowing from a breach of contract, against the plaintiff's mortgage debt; and the question presented is, whether a plea of set-off can be filed to a mortgage foreclosure on land.

The statute provides that any person entitled to foreclose a mortgage on land may foreclose the same by petition to the superior court, setting forth a statement of the case, the amount of the demand, and a description of the mortgaged premises; whereupon the court shall grant a rule directing the payment of the mortgage debt on or before the first day of the next term succeeding that at which the rule is granted, which rule must be served on the defendant or his special agent or attorney as prescribed. The defendant may "file his objections to the foreclosure of such mortgage, and may set up and avail himself of any defense which he might lawfully set up in an ordinary suit instituted on the debt or demand secured by such mortgage, and which goes to show that the applicant is not entitled to the foreclosure sought, or that the amount claimed is not due." Civil Code (1910), §§ 3276, 3279. The statute contemplates defenses of two kinds: one which goes to show that the applicant is not entitled to the foreclosure sought, and the other that the amount claimed is not due. The legislature

intended the two defenses to cover different situations. One relates to the right to have foreclosure independently of the question whether the debt is due; and the other defense relates to matters tending to show that the debt claimed is not owing, either in whole or in part. The code section is taken from the judiciary act of 1799, and was construed in *Bailey* v. *Lumpkin,* 1 *Ga.* 392. The court there said: "The process of foreclosure in England is by bill in chancery. Our statute dispenses with the equitable proceeding, and gives a more easy, direct, and less expensive process of foreclosure at law. This legal mode is in lieu of the bill in chancery. This is, therefore, what we are in the habit of calling an equitable statute; it is not in derogation of the existing law, and therefore to be construed strictly; but it is the declaration of it, and remedial, and therefore to be construed liberally. It affirms the law of foreclosure, by providing a different remedy under it. The mortgagee, instead of being driven into a court of chancery to foreclose, is admitted at law to all the rights which he had before the statute, in equity, as to this subject-matter. Can we infer that the legislature intended to give this new and summary mode of foreclosure to the mortgagee, and not give the equivalent rights of defense to the mortgagor? to create for the plaintiff an easy, rapid mode of foreclosure, and still hold the defendant to the necessity of going into a court of equity to assert his rights against it? The legislature intended to do no such iniquitous thing. Upon the creation of a new remedy we think the rights of defense which belong to the old remedy, unless expressly inhibited, attach to the new. As the plaintiff is here let into the rights at law which he before had in equity, so the defendant is let in also, at law, to those rights which he before had in equity." This view of the statute was reaffirmed in *Dixon* v. *Cuyler,* 27 *Ga.* 248. See also *Mordecai* v. *Stewart,* 37 *Ga.* 364; *Finney* v. *Cadwallader,* 55 *Ga.* 75; *Crawford* v. *Scott,* 137 *Ga.* 760 (74 S. E. 520).

If the statutory remedy of foreclosure is to be regarded as the equivalent or substitute for a proceeding to foreclose in equity, then any defense available in equity may be urged in resistance of the statutory remedy. If the mortgagee filed a petition in equity to foreclose his mortgage, the mortgagor could invoke that fundamental principle of equity practice that he who asks equity must offer to do equity. The mortgagor should be permitted to say to

the mortgagee: You owe me a debt equal to that which I owe you; and if you pay me, I will pay you the debt secured by the mortgage; and therefore there is no necessity of foreclosure. If the mortgagee declines this fair and reasonable proposition, or denies the existence of the debt claimed against him by the mortgagor, would it not be equitable and just for the court to entertain the plea of the mortgagor and enter upon an inquiry into its merits, and, if the facts are found to be true, compel the mortgagee to cancel his debt by a settlement of that of the mortgagor? Surely, in this day of directness of pleading and procedure, and in jurisdictions where equitable and legal relief may be administered in the same action, a defendant will not be driven to an independent action to assert a right against the complainant, where there is no substantial reason why the conflicting claims of the adversary parties may not be adjusted and settled in one action. No possible harm can result to the mortgagee in allowing the mortgagor to set off his debt against that of the former. If the suit were on the note, no one would question the right. We know of no substantial reason why a plea of set-off is not a permissible defense to the foreclosure of a mortgage on land, and we believe it is included within the defenses specified in the statute.

The case of *Taylor* v. *Hardin,* 38 *Ga.* 578, though apparently conflicting with these views, does not refer to any of the earlier decisions of this court construing the statute; and in the light of the opinion we do not think it was the purpose of the court to reject its former construction. The decision seems to have gone on the footing that the set-off arose ex delicto, and the parties conceded that the damages pleaded could not be set off against the note secured by the mortgage in process of foreclosure. The Chief Justice in his opinion clearly made this to appear, and rested his argument on the proposition that the pleaded matter was not good as a plea of recoupment.

In *Arnold* v. *Carter,* 125 *Ga.* 319 (54 S. E. 177), it was ruled that a plea of set-off could not be made to the foreclosure of a chattel mortgage. This ruling was followed in *Culver* v. *Wood,* 138 *Ga.* 60 (74 S. E. 790). These cases will not be extended to apply to a mortgage foreclosure on realty, which is the modern substitute of a foreclosure in equity. The argument advanced in support of the holding of these cases, that a foreclosure of a chat-

tel mortgage is a summary statutory proceeding and subject to strict construction, is not applicable to a foreclosure of a mortgage on land, where judgment and execution can only be had after notice and an opportunity to defend has been given the mortgagor. Besides, such argument has not received the full approval of all the Justices.  See *Crawford* v. *Scott,* supra.

After careful consideration we think the court erred in striking the defendant's answer.

*Judgment reversed.   All the Justices concur, except Fish, C. J., absent, and*

ATKINSON, J., who dissents for reasons stated in dissenting opinion in *Crawford* v. *Scott,* supra.