## 9283.  FUTCH v. TAYLOR et al.

JENKINS, J.  1. An unattested mortgage is good as between the parties thereto, or as between the maker and a transferee.  The requirement relative to attestation, as prescribed by section 3257 of the Civil Code (1910), pertains to the prerequisite necessary to its record, and has application only so far as the intervening rights of third persons without notice are concerned.

2. As there was no motion to dismiss the levy on the ground that the notice prescribed by section 3296 of the Civil Code (1910) had not been given, and the defendant in fi. fa., although reciting such failure, entered a plea to the merits without actual protestation, the failure to give the notice referred to must be taken as waived.  *McFarlin* v. *Reeves,* 10 *Ga. App.* 581 (73 S. E. 862).

3. In a proceeding to foreclose a chattel mortgage, the mortgagor may by affidavit of illegality avail himself of any defense which he might set up in an ordinary suit upon the demand secured by the mortgage, *and which goes to show that the amount claimed is not due and owing;* and while the mortgagor is thus permitted to avail himself of a valid defense by way of recoupment, he is not entitled to plead the defense of set-off in such a summary proceeding, since the latter defense is not one which goes to the justice of plaintiff's demand.  *Arnold* v. *Carter,* 125 *Ga.* 319 (54 S. E. 177); *Mahone* v. *Elliott,* 141 *Ga.* 214, 216 (80 S. E. 713).  Upon the hearing of the certiorari the court did not err in sustaining the judgment of the justice in dimissing the defendant's plea.

*Judgment affirmed.  Wade, C. J., and Luke, J., concur.*
DECIDED JUNE 12, 1918.

Certiorari; from Berrien superior court—Judge Thomas.  September 19, 1917.

*Story & Story, J. P. Knight,* for plaintiff in error.