### 21020. HUMPHREYS v. JESSUP & SONS.

JENKINS, P. J. 1. In a proceeding to foreclose a chattel mortgage, the mortgagor may by affidavit of illegality avail himself of any defense which he might set up in an ordinary suit upon the demand secured by the mortgage, *and which goes to show that the amount claimed is not due and owing;* and while the mortgagor is thus permitted to avail himself of a valid defense by way of recoupment, he is not entitled to plead the defense of set-off in such a summary proceeding, since the latter defense is not one which goes to the justice of plaintiff's demand. *Arnold* v. *Carter*, 125 *Ga.* 319 (54 S. E. 177); *Mahone* v. *Elliott*, 141 *Ga.* 214 (80 S. E. 713); *Culver* v. *Wood*, 138 *Ga.* 60 (74 S. E. 790). In the instant case that which the plaintiff in error contends is a plea of payment seeks merely to set forth damages arising out of the breach of a separate and independent contract, which, under the authorities cited above was not available in the mortgage-foreclosure proceeding.

2. The only dispute that the affidavit of illegality raises as to the amount due on the mortgage does not involve any question of fact, but arises solely upon the legal application of an admitted partial payment, the affiant contending that the payment should have been applied to a reduction of the principal, whereas the mortgagee properly applied the principle embodied in the Civil Code (1910), § 3433, to the effect that when a payment is made upon any debt it shall be applied first to the

discharge of any interest due at the time, and the balance, if any, to the reduction of the principal.

3. The court did not err in sustaining the demurrer to the affidavit of illegality.   *Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 20, 1931.

*D. C. Chalker,* for plaintiff in error.
*Lawson & Ware,* contra.