## 21489. GLASS v. ADAMS.

JENKINS, P. J. In a proceeding to foreclose a chattel mortgage, the mortgagor may by affidavit of illegality avail himself of any defense which he might set up in an ordinary suit upon the demand secured by the mortgage, and which goes to show that the amount claimed is not due and owing; but, while the mortgagor is thus permitted to avail himself of a valid defense by way of recoupment, he is not entitled to plead

the defense of set-off in such a summary proceeding, since the latter defense is not one which goes to the justice of plaintiff's demand. *Arnold* v. *Carter*, 125 *Ga.* 319 (54 S. E. 177) ; *Mahone* v. *Elliott*, 141 *Ga.* 214 (80 S. E. 713) ; *Culver* v. *Wood*, 138 *Ga.* 60 (74 S. E. 790) ; *Humphreys* v. *Jessup*, 43 *Ga. App.* 274 (158 S. E. 442). In the instant case the affidavit of illegality in the mortgage-foreclosure proceeding sought merely to plead as payment unliquidated damages alleged to have accrued to defendant on account of the failure of the plaintiff transferee to sell certain farm products grown on her premises in a previous year by the defendant as the tenant of the plaintiff, when requested by the defendant so to do, and which farm products it was alleged were later sold at a reduced price; and further pleaded as payment amounts alleged to be due the defendant by the plaintiff on account of other transactions between the parties in the previous year, in no way connected with the obligation to secure which the mortgage was given. Under the principle stated above, the defense of set-off sought to be set up was not available in the mortgage-foreclosure proceeding, and the court did not err in dismissing the affidavit of illegality.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

Decided December 18, 1931.

*J. A. Drake,* for plaintiff in error.
*A. L. Miller, P. Z. Geer,* contra.