27019. HELTON *v.* TAYLOR.

DECIDED NOVEMBER 3, 1938.

*J. L. Smith,* for plaintiff in error. *Boykin & Boykin,* contra.

GUERRY, J. On May 10, 1937, Levi Taylor made an affidavit as provided in the Code, § 67-701, to foreclose a chattel mortgage executed to him by W. A. Helton. The mortgaged property consisted of a certain sawmill outfit and fixtures. Helton filed an affidavit of illegality, setting up that the debt was not due, in that after the execution of the mortgage he and the plaintiff entered into an oral contract whereby it was agreed that in consideration of the defendant moving his sawmill to the land of plaintiff's son, and sawing certain timber thereon, plaintiff would extend the due date of said note until October 1, 1937, and that in pursuance of this agreement he did move his sawmill to the land of the plaintiff's son at great expense to himself. The defendant further set up certain items of expense which he incurred in moving his sawmill and in preparing to cut the timber thereon as agreed, which he sought to "recoup" against the amount of the mortgage note. He filed an amendment amplifying the facts above set out. The court disallowed the amendment, ruled out all evidence in support thereof, and directed a verdict for the plaintiff.

"In an affidavit of illegality to the foreclosure of a mortgage on personalty, the mortgagor may avail himself of the defense of recoupment, but he can not plead set-off in such a proceeding." *Arnold* v. *Carter,* 125 *Ga.* 319 (54 S. E. 177) ; *Culver* v. *Wood,* 138 *Ga.* 60 (74 S. E. 790) ; *Wade* v. *Eason,* 27 *Ga. App.* 388 (108 S. E.

481); *Futch* v. *Taylor*, 22 *Ga. App.* 441 (96 S. E. 183); *Glass* v. *Adams*, 44 *Ga. App.* 437 (161 S. E. 630); *Humphreys* v. *Jessup*, 43 *Ga. App.* 274 (158 S. E. 442). "Recoupment is a right of the defendant to have a deduction from the amount of the plaintiff's damages, for the reason that the plaintiff has not complied with the cross-obligations or independent covenants arising under the same contract." Code, § 20-1311. Damages alleged to have been sustained by defendant in moving his sawmill and making ready to cut timber under the contract with plaintiff, and in which plaintiff agreed to extend the due date of the note sued on, were matters of set-off (if legally recoverable), and not of recoupment, since they did not arise from a breach of any cross-obligation or independent covenant under the note and mortgage sued on, although made with reference to such note and mortgage. See *Birdsey Co.* v. *Porter*, 18 *Ga. App.* 391 (89 S. E. 435); *Copeland* v. *White*, 17 *Ga. App.* 565 (87 S. E. 846); *Jester* v. *Bainbridge State Bank*, 4 *Ga. App.* 469 (61 S. E. 926).

■ A subsequent parol agreement to extend the due date of a promissory note to a definite date, if supported by a valid consideration, is binding and enforceable. Code, § 38-507; *Stallings* v. *Johnson*, 27 *Ga.* 564; *Wimberly* v. *Tanner*, 34 *Ga. App.* 313 (129 S. E. 306); *American Nat. Ins. Co.* v. *Lynch*, 49 *Ga. App.* 580 (176 S. E. 546); 6 R. C. L. 914; McInturff *v.* Gahagan, 193 N. C. 147 (136 S. E. 339); Lahn *v.* Koep, 139 Iowa, 349 (115 N. W. 877); McNeill *v.* Simpson (Tex. Civ. App.), 24 S. W. 2d. 485. See *Gentry* v. *Walker*, 101 *Ga.* 123 (28 S. E. 607). The original plea, as amplified in part by the amendment, set up in effect a novation of the contract, in that it alleged a different and extended due date, based upon a new consideration. "A consideration is valid if any benefit accrues to him who makes the promise, or any injury to him who receives the promise." Code, § 20-302. The agreement of extension set up and sustained by the testimony of the defendant on the trial contained the essential elements of certainty, mutuality, and consideration. *Lee* v. *Wilmington Savings Bank*, 31 *Ga. App.* 327 (120 S. E. 689), and cit. Where the parol agreement is to extend the due date of the note to another date, in consideration of the maker performing certain acts under another contract, and the parties do not contemplate, and the terms of the parol contract do not require, any further act by the par-

ties, such as the execution of a new note, the performance by the maker of the acts required, or the payment of the sum agreed, is effective to modify the written contract represented by the note, and suit can not be maintained thereon until the expiration of the new date. Griffiths *v.* Thrasher, 95 Mont. 210; Corn Exchange National Bank &c. Co. *v.* Taubel, 113 N. J. L. 605 (175 Atl. 55). Compare *Geer* v. *Grow,* 31 *Ga. App.* 254 (120 S. E. 426). Under the above rulings, the court erred in disallowing the amendment in so far as it amplified the plea that the suit was premature, and in thereafter directing the verdict for the plaintiff.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*