29277. HOLLEMAN v. COMMERCIAL CREDIT COMPANY.

BROYLES, C. J. 1. "In an affidavit of illegality to the foreclosure of a mortgage on personalty, the mortgagor may avail himself of the defense of recoupment, but he can not plead set-off in such a proceeding." *Arnold* v. *Carter*, 125 *Ga.* 319 (54 S. E. 177); *Culver* v. *Wood*, 138 *Ga.* 60 (74 S. E. 790); *Wade* v. *Eason*, 27 *Ga. App.* 388 (108 S. E. 481); *Futch* v. *Taylor*, 22 *Ga. App.* 441 (96 S. E. 183); *Glass* v. *Adams*, 44 *Ga. App.* 437 (161 S. E. 630); *Humphreys* v. *Jessup*, 43 *Ga. App.* 274 (158 S. E. 442); *Helton* v. *Taylor*, 58 *Ga. App.* 630 (199 S. E. 580).

2. "Recoupment differs from a set-off in this: The former is confined to the contract on which plaintiff sues, while the latter includes all mutual debts and liabilities." Code, § 20-1312.

3. In this case the mortgage note, which was the basis of the mortgage foreclosure on personalty, was a distinct and separate transaction from the counterclaim interposed by the mortgagor in his affidavit of illegality. The counterclaim amounted to a set-off, and could not be pleaded in defense of the foreclosure proceedings. It follows that the court did not err in dismissing the affidavit of illegality and ordering the levy to proceed. The cases cited in behalf of the plaintiff in error are distinguished by their facts from this case and those hereinbefore cited.

*Judgment affirmed. McIntyre and Gardner, JJ., concur.*

DECIDED JANUARY 30, 1942. REHEARING DENIED MARCH 25, 1942.

*C. C. Crockett,* for plaintiff in error.
*A. L. Hatcher, William Brunson,* contra.