32358.   ATLAS  AUTO  FINANCE  COMPANY
*v*. ATKINS.

Decided April 13, 1949.

Smith, Kilpatrick, Cody, Rogers & McClatchey, Sidney Haskins, for plaintiff.

J. L. Davis, for defendant.

Parker, J. ■ The plaintiff contends that the counter-affidavit of the defendant amounted to a plea of setoff, which could not be pleaded against the foreclosure of a title-retention contract. The defendant contends that the counter-affidavit was not a plea of setoff but one of recoupment. "In a proceeding to foreclose a chattel mortgage, the mortgagor may by affidavit of illegality avail himself of any defense which he might set up in an ordinary suit upon the demand secured by the mortgage, and which goes to show that the amount claimed is not due and owing; and while the mortgagor is thus permitted to avail himself of a valid defense by way of recoupment, he is not entitled to plead the defense of setoff in such a summary proceeding, since the latter defense is not one which goes to the justice of the plaintiff's demand." *Futch* v. *Taylor*, 22 *Ga. App.* 441 (3) (96 S. E. 183). See also *Humphreys* v. *Jessup*, 43 *Ga. App.* 274 (1) (158 S. E. 442); *Glass* v. *Adams*, 44 *Ga. App.* 437 (161 S. E. 630); *Arnold* v. *Carter*, 125 *Ga.* 319 (54 S. E. 177).; *Culver* v. *Wood*, 138 *Ga.* 60 (3) (74 S. E. 790). A bill of sale retaining title to personal property to secure a debt may be foreclosed in the same manner as mortgages on personal property. Code, § 67-1601. A defendant in a bill of sale foreclosure proceeding can make the same defenses by counter-affidavit that a mortgagor could make by illegality in a chattel-mortgage foreclosure. § 67-1602.

Is the counter-affidavit filed by the defendant a plea of setoff or one of recoupment? "Setoff is a defense which goes not to the justice of the plaintiff's demand, but sets up a demand against the plaintiff to counterbalance his in whole or in part." Code, § 20-1301. "Recoupment is a right of the defendant to

have a deduction from the amount of the plaintiff's damages, for the reason that the plaintiff has not complied with the cross-obligations or independent covenants arising under the same contract." § 20-1311. "Recoupment may be pleaded in all actions ex contractu, where from any reason the plaintiff under the same contract is in good conscience liable to defendant. In all cases where recoupment may be pleaded, if the damages of the defendant shall exceed in amount those of the plaintiff, the defendant shall recover of the plaintiff the amount of such excess." § 20-1314. "We consider the doctrine well settled, that where a plaintiff sues on one part of a contract, consisting of mutual stipulations made at the same time and relating to the same subject-matter, the defendant may recoup his damages arising from the breach of that part which is in his favor and this, whether the different parts are contained in one instrument or several; and though one part be in writing and the other in parol: Aliter, where the contract for the breach of which damages are claimed by defendant, is entirely distinct and independent of the one on which the plaintiff sues." *Mell* v. *Moony,* 30 *Ga.* 413, 415. "If a parol contract embrace many particulars on either side, and there be part performance on both sides, when one party seeks by action at law to take the fruits of his own part performance, the other party may recoup his damages for any breach by the plaintiff of other stipulations in the same general contract." *Finney* v. *Cadwallader,* 55 *Ga.* 75 (1). In the body of the opinion in that case, on page 79, it was said: "Recoupment looks through the whole contract, treating it as an entirety, and regarding the things done and stipulated to be done on each side as the consideration of the things done and stipulated to be done on the other; and when a plaintiff seeks redress for the breach of the stipulations in his favor, it sums up the grievances on each side, strikes a balance, and gives him a judgment for only such difference as may be found in his favor."

Under the facts of this case and the rules of law cited, the plea of the defendant amounted to a plea of recoupment. It was properly allowed as a defense to the foreclosure affidavit, and the court did not err in refusing to strike it. Under the contract foreclosed, the purchaser was required to keep said car

insured against fire and theft, and to keep said car insured against collision hazard if requested to do so by the seller, and the seller could place any or all of said insurance on said car at the purchaser's expense if the seller so elected. Under the pleadings and the evidence, the written contract foreclosed was incomplete on its face, and the agreements respecting the financing and insuring of the automobile were parts of one general contract of purchase, partly in writing and partly in parol, entered into at one time. The financing charges and insurance premiums were lumped together in one figure, as expressed in the written part of the contract, and all the obligations and cross-obligations undertaken at the time the contract was entered into constituted a part of the same contract. Under the allegations of the counter-affidavit, the plaintiff's failure to provide the insurance coverage alleged was a breach of the cross-obligations of the contract, which entitled the defendant to recoup any damages resulting from such failure.

■ Ground 4 of the amended motion for new trial complains of this excerpt from the charge of the court: "In their original suit the plaintiff asks for a judgment [for] $462.54 principal, and $9.98 interest to date, with future interest at the rate of seven per cent." It is contended that the charge was erroneous and injurious to the plaintiff because the use of the words, "their original suit," confused and misled the jury, and implied that the present cause of action was not the original suit, and that perhaps there had been previous proceedings, when, in fact, no such previous proceedings had been had; and was misleading and confusing because it was an incorrect statement of the issues, for the reason that the plaintiff was not seeking a personal judgment, but was merely seeking to foreclose a retention of title contract. While the charge complained of was inapt, we do not think that the plaintiff shows how his case was prejudiced by such charge, or that the charge was harmful to it and we find no error authorizing the grant of a new trial in this ground.

■ Ground 6 of the amended motion alleges error in the following excerpt from the charge of the court: "I charge you that in this case you are the sole judges in determining the credibility of the witnesses. In passing upon the credibility of the witnesses,

you may take into consideration all the facts and circumstances of the case, you may consider the witness' manner of testifying, his interest or want of interest in the case, his means and opportunity for knowing the facts about which he testifies, the reasonableness or unreasonableness of his testimony, the prejudice or bias, if any of the like has been made to appear; you may also consider the personal credibility of the witness, in so far as the same may legitimately appear from the trial of the case." The plaintiff contends that the charge was "erroneous, confusing, misleading, and injurious to it," because the court confused and misstated the laws relating to the credibility of witnesses and the determination of where the preponderance of the evidence lies; and because, if the court was undertaking to charge the Code, § 38-107, on the preponderance of the evidence, the charge was erroneous in that it failed to cover fully the tests set out under that Code section. As to the first contention of the plaintiff, see *Chancey* v. *State,* 145 *Ga.* 12 (3) (88 S. E. 205, *White* v. *State,* 147 *Ga.* 377 (1) (94 S. E. 222), *Quinton* v. *Peck,* 195 *Ga.* 299 (3), 303 (24 S. E. 2d, 36), and *Daniel* v. *State,* 61 *Ga. App.* 663, 664 (2) (7 S. E. 2d, 204), in which the courts have approved charges in substantially the same language as that complained of in this ground of the motion. As to the second objection to the charge, it is clear that the judge was charging on the credibility of the witnesses, and not on the preponderance of the evidence, although the tests to be applied by the jury in determining where the preponderance of the evidence lies and in determining the credibility of witnesses are similar. This ground of the motion does not show error. Compare *Edge* v. *Dorsey,* 78 *Ga. App.* 70 (50 S. E. 2d, 227).

■ Ground 7 complains of this instruction to the jury: "By a preponderance of the evidence is meant that superior weight of the evidence, which while not sufficient to wholly free the mind of a jury from a reasonable doubt, is yet sufficient to incline the mind of an impartial jury to one side of the issue rather than to the other." It is claimed that this charge was error because it omitted the words "upon the issues involved," and included the words "the mind of an impartial jury," instead of the words "a reasonable and impartial mind" as contained in the Code, §

38-106, which defines preponderance of evidence. The charge as given was substantially in the language of the Code section and was not erroneous for any of the reasons urged. *Studstill* v. *Bergsteiner*, 25 *Ga. App.* 405 (2) (103 S. E. 691); *United States Fidelity &c. Co.* v. *Toombs County*, 187 *Ga.* 544, 556 (9g) (1 S. E. 2d, 411); *Davis* v. *Wright*, 194 *Ga.* 1 (3) (21 S. E. 2d, 88).

■ Ground 5 excepts to the charge respecting the contentions of the defendant, and ground 8 excepts to the instructions relating to the issues in the case. The complaint is that these charges were inaccurate, confusing, and misleading. In the first charge complained of, the court referred to an amendment reducing the figures alleged by the defendant for insurance and finance charges from $203 to a lesser amount, when no amendment had been filed. This was an inaccurate expression, but we do not see how it could have been harmful to the plaintiff. In the other charge excepted to, the court referred to the defendant's affidavit as an answer, and inadvertently used the word "plaintiff" instead of "defendant." It is apparent that these expressions were mere inaccuracies and under the charge as a whole they were not confusing or misleading. See *Central of Georgia Ry. Co.* v. *Hartley*, 25 *Ga. App.* 110 (8) (103 S. E. 259); *Walton* v. *Smith*, 43 *Ga. App.* 308 (158 S. E. 641); *Deaton* v. *Swanson*, 196 *Ga.* 833 (5) (28 S. E. 2d, 126).

■ The 9th ground complains of error because the court instructed the jury that "The form of your verdict will be, either, 'We, the jury, find, for the plaintiff' so many dollars, whatever you find the amount to be due, or 'We, the jury, find for the defendant' so many dollars, whatever amount you find to be due under the evidence." The plaintiff alleges that this charge was error because it implied that the plaintiff was seeking a personal judgment against the defendant, when the only judgment sought was a finding against the counter-affidavit. If this charge was inapt or incorrect and resulted in a monetary verdict for the defendant and against the plaintiff which was unauthorized, the error was cured by the voluntary writing off of the money verdict by the defendant. See *Friedman* v. *Martin*, 43 *Ga. App.* 677 (5) (160 S. E. 126); *Farmers Produce Co.* v. *Hill*, 60 *Ga. App.* 660 (4 S. E. 2d, 699). Under the charge as a whole, we think that

■

the issues and contentions of the parties were fairly submitted to the jury.

■ Ground 10 complains of the charge on recoupment. In view of what has been said in division one of this opinion, the charge was not erroneous for any of the reasons urged.

■ Ground 11 alleges error in the failure of the court to charge regarding the measure of damages in the event the jury found for the defendant. Under the rulings in *Odum* v. *Rutledge,* 16 *Ga. App.* 350 (3) (85 S. E. 361), and in *Smith* v. *Fuller Loan Co.,* 23 *Ga. App.* 726 (2) (99 S. E. 309), this assignment of error is too general, vague, and indefinite to be considered.

■ Ground 12 complains because the court permitted the defendant to testify over objection that he would have paid off the contract foreclosed if the plaintiff had provided the collision insurance. The exceptions to the testimony are that the question propounded was leading and called for a conclusion, and that the answer was a self-serving declaration and a mere opinion of the witness. Evidence is presumed to be admissible unless some objection is made which shows the contrary. When the admissibility of evidence is doubtful, the rule in this State is to admit it for the consideration of the jury under proper instructions from the court. *Carter* v. *Marble Products Co.,* 179 *Ga.* 122, 128 (175 S. E. 480). The plaintiff contends that the evidence was designed to impress the jury with the defendant's good faith and was for this reason prejudicial. The mere fact that evidence tends to prejudice the case of the opposite party is not cause for its exclusion. Any evidence which tends to prove the contentions of one party to the detriment of the other party is prejudicial to the opposing party. We do not think that the evidence was inadmissible as a self-serving declaration or as a conclusion or an opinion of the witness. "A party may testify to his intention. It is evidence to be considered, but the facts—all the facts —are to be considered, to arrive at the truth respecting his real motive." *Royce & Co.* v. *Gazan,* 76 *Ga.* 79. "Whether a party should be permitted to testify directly as to his motives or intention is a question upon which courts have differed. This court, however, has held such testimony proper." *Hale* v. *Robertson & Co.,* 100 *Ga.* 168, 169 (27 S. E. 937). "For the witness to state

what was his intention was not opinion evidence, but proof of a substantive fact, and admissible in this case." *Alexander* v. *State*, 118 *Ga.* 26 (4) (44 S. E. 851). This ground of the motion shows no error.

■ The evidence authorized a finding for the defendant. As the defendant has written off the money verdict in his favor, the verdict as it now stands was authorized and the general grounds of the motion are without merit.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*