## 46926. GENERAL ACCEPTANCE CORPORATION v. BISHOP et al.

PANNELL, Judge. 1. Section 81 of the Civil Practice Act, as amended (Ga. L. 1966, pp. 609, 668; 1967, pp. 226, 241; 1968, pp. 1104, 1109; *Code Ann.* § 81A-181) reads as follows: "This Act shall apply to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law, but in any event, the provisions of this Act governing the sufficiency of pleadings; defenses; amendments; counter-claims; cross-claims; third-party practice; joinder of parties and causes; making parties; discovery and depositions; interpleader; intervention; evidence; motions; summary judgment; relief from judgments and the effect of judgments; shall apply to all such proceedings."

(a) Properly construed, the provisions of the Civil Practice Act (when applicable to the particular court) relating to counterclaims and cross claims applies to special statutory proceedings, although such proceedings make no provision for all these remedies. That the special statutory proceedings fail to provide for all, but only for a part of the remedies provided by the Civil Practice Act, does not make such additional remedies provided by the Civil Practice Act such provisions as are in conflict with the special statute; this for the reason that the special statute not having "expressly prescribed" that the additional remedies made available by the Civil Practice Act *were prohibited,* the exception provided for in Section 81 of the Civil Practice Act would not apply. That the special statutory proceedings only provided one remedy, but did not expressly prescribe against others, would not bar the application of the Civil Practice Act as to the other remedies.

(b) Furthermore, since Section 81 of the Civil Practice Act, as amended by the Act of 1968, supra, after specifying the exceptions, states "but in any event, the provisions of

this Act governing . . . counterclaims; cross claims; . . . shall apply to all such proceedings" we must construe the statute to mean that counterclaims and cross claims may be used irrespective of whether there may be an implied conflict between the provisions of the Civil Practice Act and the special statutory proceedings. See in this connection *Harrison v. Weiner,* 226 Ga. 93 (5) (172 SE2d 840).

The ruling in *J. G. T., Inc. v. Brunswick Corp.,* 119 Ga. App. 719, 726 (168 SE2d 847) involving defenses in a trover action is not controlling here, as, in that case, only Harrison's Code Annotated was cited and the quotes show that only the amendment of 1967 was considered, whereas, the present case is controlled by the Act of 1968. There is nothing in *Brinson v. Ingram,* 120 Ga. App. 271 (170 SE2d 39) in conflict with the rulings here made. Further, that case cited Harrison's Code Annotated and the original Civil Practice Act of 1966, and even if in conflict, would not be controlling in view of the provisions of the Act of 1968.

(c) Accordingly, the trial judge did nor err in his rulings permitting the filing of a counterclaim, and the rendering of a verdict thereon, in the foreclosure proceeding on personal property under *Code* § 67-801, which provides that a defendant "may set up and avail himself of any defense which he might have set up, according to law, in an ordinary suit upon the demand secured by the mortgage, and which goes to show that the amount claimed is not due," although prior to the Civil Practice Act it had been held that such language permitted the defense of recoupment or any other defense showing the amount claimed is not due, but did not permit the defense of set off because a set off did not show that the amount claimed is not due. For cases so construing the statute, see *Arnold v. Carter,* 125 Ga. 319 (54 SE 177) (compare *Crawford v. Scott,* 137 Ga. 760 (74 SE 520)); *Mahone v. Elliott,* 141 Ga. 214, 216 (80 SE 713); *Futch v. Taylor,* 22 Ga. App. 441 (3) (96 SE 183); *Humphreys v. W. L. Jessup & Sons,* 43 Ga. App. 274 (1) (158 SE 442); *Glass v.*

*Adams,* 44 Ga. App. 437 (161 SE 630); *Holleman v. Commercial Credit Co.,* 66 Ga. App. 772 (19 SE2d 336).

2. The evidence was sufficient to authorize a verdict in favor of the defendant's counterclaim and no further errors appearing, the judgment is affirmed.

*Judgment affirmed. Hall, P. J., and Quillian, J., concur.*
Argued February 1, 1972—Decided June 9, 1972.

*Foy S. Horne, Jr.,* for appellant.
*Guy B. Scott, Jr.,* for appellees.