S93A0396. FLAHERTY v. POYTHRESS.
(432 SE2d 103)

PER CURIAM.

*Judgment affirmed without opinion pursuant to Rule 59. All the Justices concur, except Sears-Collins, J., who dissents; Hunt, P. J., and Benham, J., not participating.*

SEARS-COLLINS, Justice, dissenting.

The power of this Court rests in large part in its ability and willingness, through the medium of its written decisions and when the time is right, to educate, to encourage and to enable. I believe that

---

[2] In *Malone* the registrars failed to advertise "additional registration places," OCGA § 21-2-218 (d) (then Code Ann. § 34-610 (c)).

time is now. I recognize that Supreme Court Rule 59 has its place. I am disheartened by the use of that rule to resolve this appeal, however, because of the gravity of the issues and the need to clarify important and never before interpreted portions of the Georgia election code.

Moreover, my analysis of the facts and the law in this case leaves me unable to agree with the judgment reached by the trial court, and to which this Court silently acquiesced. Because my disagreement with the majority is so fundamental, I set forth my views below.

## I

Bill Flaherty ("Flaherty"), the Republican party candidate, unsuccessfully opposed David Poythress ("Poythress"), the Democratic candidate, in the November 1992 special election for State Labor Commissioner. On September 16, 1992, a declaratory judgment was entered in Fulton County Superior Court which provided that the ballots should instruct voters that a straight party vote would include a vote for that party's candidate in any special election, such as the one for State Labor Commissioner.

Following the election and within five days of certification of the vote, Flaherty contested the election results in DeKalb County Superior Court (the "trial court"), alleging that the ballots in Fulton and Floyd counties instructed voters, contrary to the order entered in the declaratory judgment action, that a straight party vote would *not* count towards the special election, when in fact it was so counted. Flaherty stated that he did not know how many other counties had improper wording on their ballots. Flaherty requested a recount of all ballots in the state for the office of Labor Commissioner so that only those ballots with proper instructions would be counted, and requested that those counties which purported to have proper instructions on their ballots submit proof of that fact.

The named defendants in Flaherty's suit were Poythress and Max Cleland, Georgia's Secretary of State. Flaherty subsequently consented to the dismissal of Max Cleland. Poythress filed a motion to dismiss the law suit on the ground that Flaherty had failed to name as defendants any of the county election superintendents who conducted the election. The trial court granted the motion.

## II

1. The potential defendants in an election contest are set forth in OCGA § 21-2-520:

(2) "Defendant" means:
(A) The person whose nomination or election is con-

tested;

(B) The person or persons whose eligibility to seek any nomination or office in a run-off primary or election is contested;

(C) The election superintendent or superintendents who conducted the contested primary or election; *or*

(D) The public officer who formally declared the number of votes for and against any question submitted to electors at an election.

(Emphasis supplied.) OCGA § 21-2-520.

The clear and plain language of § 21-2-520 indicates through the use of the disjunctive "or" that any and all of the listed persons are proper defendants. Nowhere in the election code is it further detailed which of the potential defendants should be chosen in any particular case. Based on the language of the statute, then, it would be reasonable for a plaintiff to name any one or all of the potential defendants.

The trial court determined that the defendant named in an election contest should be chosen from the list of potential defendants based on the ground on which the contest is brought.[1] I agree with this interpretation of the statute because it seems to me that the party who did the wrong which is being complained of should be the party who is compelled to come into court and defend his or her actions. In other words, if a person's election is being contested, and the petition alleges misconduct by election officials under OCGA § 21-2-522 (1), (3) or (4) (see footnote 1, supra), then the petition should name the appropriate election superintendents, as the election superintendents or should be required to defend conduct and actions over which only they have control. On the other hand, if the petition alleges that a candidate is ineligible for nomination or office under OCGA §§ 21-2-522 (2) or 21-2-522 (5), then the person whose eligibility or election is challenged would be the proper defendant. Therefore, I also agree with the trial court's decision that since Flaherty "seeks a recount of all ballots and that county election superintend-

---

[1] The potential grounds for an election contest are set forth in OCGA § 21-2-522:

A result of a primary or election may be contested on one or more of the following grounds:

(1) Misconduct, fraud, or irregularity by any primary or election official or officials sufficient to change or place in doubt the result;

(2) When the defendant is ineligible for the nomination or office in dispute;

(3) When illegal votes have been received or legal votes rejected at the polls sufficient to change or place in doubt the result;

(4) For any error in counting the votes or declaring the result of the primary or election, if such error would change the result;

(5) For any other cause which shows that another was the person legally nominated, elected, or eligible to compete in a run-off primary or election.

ents be compelled to defend their actions," the only proper defendants from the list in OCGA § 21-2-521 are the county election superintendents, as they are the parties who allegedly committed the wrong.

2. The above having been said, the question then becomes whether Flaherty should be allowed to amend his petition to add the election superintendents.

Flaherty argues that the liberal joinder provisions of the Civil Practice Act (the "CPA") should apply to permit him to add the election superintendents. The trial court found, however, that the provisions of the CPA do not control. In so doing, the trial court reasoned that since the only amendments specifically provided for by the election code are for the addition of grounds, relevant facts, or a prayer for further relief, OCGA § 21-2-524 (g), then amendment to add parties is precluded. I cannot agree with the trial court on this issue.

First, the CPA applies to "all special statutory proceedings except to the extent that specific rules of practice and procedure . . . are expressly prescribed by law . . . ." OCGA § 9-11-81; *General Acceptance v. Bishop*, 126 Ga. App. 421 (190 SE2d 825) (1972). While the election code specifically provides for amendment in certain instances, it does not address, much less expressly limit, the addition of parties. Moreover, the CPA expressly states that "in any event, the [CPA] provisions [for] joinder of parties and causes . . . shall apply to all [special statutory] proceedings." OCGA § 9-11-81. As this case involves joinder of parties, and the issue is not addressed in the election code, the CPA joinder provisions should apply.

With respect to joinder, the CPA provides that if a plaintiff has failed to name an indispensable party to a suit, and that party is subject to service of process, the proper procedure is to give the plaintiff an opportunity to join the indispensable party, and to dismiss only upon failure to do so. *Pickett v. Paine*, 230 Ga. 786, 796 (199 SE2d 223) (1973); *Frady v. Irvin*, 245 Ga. 307, 312 (264 SE2d 866) (1980); see OCGA § 9-11-19. Flaherty was not allowed that opportunity.

3. With respect to timeliness, the CPA provides that an amendment changing the party against whom a claim is asserted relates back to the date of the original pleading if, within the time period allowed by law for commencing the action, the party to be added 1) had such notice of the commencement of the action that he would not be prejudiced in maintaining his defense on the merits, and 2) knew or should have known that, but for a mistake, the action would have been brought against him. OCGA § 9-11-15 (c). In order to determine whether such an amendment is proper in this case, the trial court would need to consider the requirements of OCGA § 9-11-15 (c) with respect to the election superintendents sought to be added, and the five-day limitations period. The trial court did not make such an

analysis in this case. Therefore, I would remand this case to the trial court to determine if the election officials sought to be added had the requisite notice and knowledge under OCGA § 9-11-15 (c) to allow the parties to be added.

4. Flaherty also argues that if we construe the election code to require certain unnamed defendants, it would be new law and should be applied prospectively only. See 1983 Ga. Const., Art. I, Sec. I, Par. X; *Hayes v. Howell*, 251 Ga. 580, 584 (308 SE2d 170) (1983). As stated in Division 3 of this dissent, I would remand the case to allow Flaherty the opportunity to add the necessary defendants. However, this argument highlights the need for a written opinion in this case. If this Court is going to approve the trial court's new interpretation of the election code with respect to necessary defendants, other trial courts and potential parties to election contests should be made known of that interpretation.

DECIDED JUNE 14, 1993.

*Proctor & Associates, Robert J. Proctor, Christopher A. Swartz,* for appellant.

*Michael J. Bowers, Attorney General, Mark H. Cohen, Senior Assistant Attorney General, Lee W. Oxendine,* for appellee.