27685. FARMERS PRODUCE COMPANY *v.* HILL.

DECIDED SEPTEMBER 22, 1939.

*Forester & Vann,* for plaintiff in error.
*Alexander & Jones,* contra.

FELTON, J. 1. This is a case for damages to a truck of the plaintiff, alleged to have arisen out of the negligence of the defendant in handling it after it had been placed in the hands of

the defendant for the purpose of examination with a view to purchase. The defendant contended, that it was authorized by the plaintiff to use the truck at will for the purpose of testing it; that on a certain trip the truck was damaged to the extent of $115; and repairs to that amount were made by the defendant; that the damages resulted through no fault of its own; and that by reason of having made the repairs of the damage for which it was not responsible, it was entitled to use the truck to reimburse itself therefor. The evidence authorized the finding that the defendant did not have authority to use the truck otherwise than to try it out and to ascertain whether it would buy it; that the injury to the truck for which the repairs were made was due to the negligence of the defendant's agent in overloading it; and therefore that the defendant was not entitled to its use to reimburse itself for the repairs. The evidence was conflicting on the question as to the purpose for which the truck was placed with the defendant, and the amount of the damage to the truck. It authorized the finding that the truck was left solely for the purpose of inspection; that the defendant used it in its hauling business, drove it 2200 miles, and damaged it to the extent of $435.

2. The two special grounds of the motion for new trial complain of failure of the court to charge the jury to the effect that if there was a contract for the storage of the truck, the defendant would be entitled to credit for the value of the storage. The defendant alleged in its answer that the reasonable value of the storage was $40, although the evidence for the defendant showed that it was more. The plaintiff wrote off $40 from his judgment, which cured any error of the court in failing to charge on the question of storage. The defendant could recover no more, or be allowed a credit for more, than the value alleged in the answer, which was not amended. There is no merit in the special grounds. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutlon, J., concur.*