40645. McNATT v. GREYHOUND CORPORATION.

FRANKUM, Judge. 1. Where, on the trial of a wrongful death action in which the plaintiff contended that the act of the defendant's bus driver in wrongfully ejecting her husband from the defendant's bus precipitated a heart attack which caused his death some 17 days thereafter, one of the issues made by the pleadings and the evidence was whether plaintiff's husband was intoxicated at the time he sought passage on the defendant's bus, and where the defendant's driver testified that he had on a previous occasion several months before carried the plaintiff's husband on his bus; that on that

occasion the plaintiff's husband was intoxicated and gave him considerable trouble, using profanity and talking loud; that on the occasion now in question when plaintiff's husband approached the bus he was accompanied by a man (not otherwise identified) who was carrying his suitcase for him, and that the man placed the suitcase on the steps of the bus and assisted plaintiff's husband in boarding the bus, it was permissible for the court to admit testimony by this witness over the mere objection that such testimony was hearsay that the man who was accompanying, holding the arm of, and assisting plaintiff's husband who was staggering said to him at that time: "He's possibly been drinking a little too much. But, he won't give you any trouble." We think that this evidence was admissible for the purpose of explaining the motive and action of the bus driver in not allowing the deceased to become a passenger on the bus. Furthermore, if this evidence was not clearly admissible, its admissibility was merely doubtful, and it was properly admitted and left for the jury to determine what weight and credit they would give it. *Atlas Auto Finance Co. v. Atkins*, 79 Ga. App. 91, 98 (9) (53 SE2d 171).

2. An objection to evidence on the ground that it has "nothing to do with the issue before the court" is equivalent to and no more than that an objection that such evidence is irrelevant. Such an objection is too general to be considered. *Holliman v. State*, 42 Ga. App. 322 (2) (155 SE 906).

3. The remaining special ground of the motion for a new trial is neither argued nor insisted upon in this court and is, therefore, treated as abandoned. The evidence authorized, if it did not demand, a verdict for the defendant, and no error of law appearing, the trial court did not err in denying a new trial.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*

DECIDED JUNE 17, 1964—REHEARING DENIED JULY 2, 1964.

*Thurmond, Hester, Jolles & McElmurray, Isaac S. Jolles*, for plaintiff in error.

*Harris, Chance, McCracken & Harrison, Henry T. Chance*, contra.